507 So.2d 788 (1987)
Tarrence L. SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. BQ-5.
District Court of Appeal of Florida, First District.
May 27, 1987.
*789 Anthony L. Bajoczky, of Barrett & Bajocsky, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Royall P. Terry, Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
Tarrence Smith appeals his conviction for armed robbery and his sentence departing from the sentencing guidelines. We affirm the conviction but reverse the sentence.
The evidence at trial established the following facts. Moreland's gun shop was robbed on October 4, 1985. Moreland, owner of the shop, was talking to a customer when two youths came into the store. The customer left, and one of the youths approached Moreland and began discussing weapons with him. As they talked, the other youth approached Moreland from behind and stabbed him in the back with a knife. Moreland's spine was severed and he is now confined to a wheelchair. After the stabbing, the youth with whom Moreland had been talking left the store. The other youth went behind the counter and returned with two guns. Neither Moreland nor the customer were able to positively identify either of the two youths.
The police never found any of the guns stolen in the robbery. Based on fingerprints and other leads, however, the police began questioning Stanley Cannon about the robbery. He denied any involvement, but changed his story when confronted with the evidence collected by the police. He admitted being present at the crime and identified appellant as the person who stabbed Moreland. Based on this evidence, Smith was arrested and charged with attempted first degree murder and armed robbery.
At trial, the chief of police testified that Cannon had told several different stories and had obviously lied many times during the investigation. The chief stated that, although he had not offered Cannon a deal, he had agreed to make the state's attorney aware of Cannon's cooperation. Cannon also testified at trial. He admitted lying during the investigation, but maintained that his testimony at trial was true. Because the victim could not identify Smith, Cannon's testimony was essentially uncorroborated. *790 The jury found appellant not guilty of attempted first degree murder, but guilty of armed robbery.
The scoresheet included 21 points for victim injury and recommended a prison sentence of five and one-half to seven years. The trial judge departed from the guidelines and sentenced appellant to imprisonment for twenty-five years followed by probation for fifteen years. He gave the following written reasons:
1. The victim, Hugh Moreland, was severely injured and rendered quadriplegic during the course of this robbery in which the defendant participated. Even though "victim injury" is scored in calculating the presumptive guidelines sentence, the severity of this victim's injury, the resulting danger to life coupled with the physical and psychological trauma suffered by the victim require an increased "measure of punishment". Vanover v. State, 481 So.2d 31 (2d DCA 1985).
2. By its nature, a robbery, even if armed, can be effectuated with little or no force. The robbery in this case involved an excessive use of force to the degree that a departure from the presumptive guidelines sentence is appropriate. Davis v. State, 476 So.2d 303 (1st DCA 1985); Stewart v. State, 489 So.2d 176, 11 FLW 1232 (1st DCA 1986). Further, this Defendant exhibited extreme cruelty toward the victim; whether he actually wielded the knife (as a preponderance of the evidence indicates) or whether he witnessed this grievous and near mortal wound and coldly left the victim without any attempt to render assistance.
3. The Defendant has demonstrated an escalating pattern of criminal conduct and violent propensities, and has unequivocally demonstrated his continuing danger to society. Simmons v. State, 483 So.2d 530 (1st DCA 1986); Keen v. State, 481 So.2d 1274, 11 FLW 221 (1st DCA 1986).
Appellant argues that his conviction should be reversed for two reasons: (1) The testimony of his accomplice, an admitted liar, is insufficient as a matter of law to support the verdict of the jury; and (2) the verdict of the jury acquitting him of attempted first degree murder is inconsistent with the verdict finding him guilty of armed robbery.
Appellant has cited us no authority for the proposition that the uncorroborated testimony of an accomplice who is an admitted liar is legally incompetent and insufficient to support a jury verdict, and we have found none. An accomplice is competent to testify as a witness, although such testimony should be relied on with "great caution." Fla. Std. Jury Instr. (Crim.) 2.04(b). The credibility of an accomplice and the weight to be given his testimony is a matter for the jury. Since the jury was made aware of Cannon's participation in the crime and that he had lied on other occasions, the jury was free to accept or reject his testimony. There is no merit to appellant's first point.
The jury verdicts in this case are not necessarily inconsistent. Appellant could be found guilty of the armed robbery charge as a principal by aiding and abetting the commission of the armed robbery that indisputably occurred, even though the jury may not have believed beyond a reasonable doubt, based solely on the testimony of the accomplice, Cannon, that appellant actually wielded the knife that injured the victim. There is likewise no merit to this point.
The appellant next argues that the trial judge erred in departing from the sentencing guidelines recommended range because all of the reasons given for departure are invalid.
Victim injury should be scored only where the injury is an element of the offense. Fla.R.Crim.P. 3.701(d)(7). Victim injury is not an element of armed robbery, and thus should not be calculated as part of the recommended sentence on a conviction for armed robbery. Brown v. State, 474 So.2d 346, 347 (Fla. 1st DCA 1985) review denied, 484 So.2d 9 (Fla. 1986); see Parker v. State, 478 So.2d 823 (Fla.2d DCA 1985) (victim injury should not be scored on a *791 conviction for robbery). The scoresheet in this case included twenty-one points for victim injury. This scoring was improper, and these points should, on remand, be removed from appellant's scoresheet. Victim injury is one of the "circumstances surrounding the offense," however, and the trial judge may properly rely on the extent of victim injury as a ground for departure where it has not already been considered in calculating the recommended sentence. Allen v. State, 12 F.L.W. 1055 (Fla. 4th DCA, Apr. 15, 1987); Fla.R. Crim.P. 3.701(b)(3).
The judge based his second reason, excessive use of force and extreme cruelty, on the stabbing injury to the victim. The record does not support a departure for extreme cruelty on any other basis. We sympathize with the trial court's concern for the serious injury inflicted on the victim of this senseless crime. But the jury acquitted appellant of attempted first degree murder and all lesser included offenses, including attempted aggravated battery with a deadly weapon. Because the stabbing injury to the victim is an aspect of the charged offenses for which a conviction was not obtained, the second reason predicated on the act of stabbing is an improper basis for departure. Fla.R.Crim.P. 3.701(d)(11). State v. Tyner, 506 So.2d 405, 220 (Fla. 1987). The decision in Allen v. State, 12 F.L.W. 1055, is distinguishable because Allen was not acquitted of stabbing the victim.
The judge apparently based his third reason, an escalating pattern of criminal conduct, on appellant's prior conviction as a juvenile involving shooting into a motor vehicle and a pending charge for which appellant had not yet been convicted. In the cases cited by the trial court, defendant was shown to have been involved in several offenses of ever-increasing severity. We conclude that one prior juvenile conviction does not support a conclusion that appellant has demonstrated a sufficient escalating pattern of criminal conduct to support departure from the guidelines. Mitchell v. State, 507 So.2d 686 (Fla. 1st DCA 1987). The necessary implication of our holding to the contrary would be to authorize departure in every case where a defendant has a prior conviction, a result clearly in conflict with the purposes of the sentencing guidelines.
Because only one of the trial judge's three reasons for departure is valid, and because the points for victim injury were improperly scored, we must reverse and remand for resentencing.
REVERSED and REMANDED.
THOMPSON and BARFIELD, JJ., concur.