526 So.2d 1060 (1988)
Tarrence L. SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1123.
District Court of Appeal of Florida, First District.
June 22, 1988.
Anthony L. Bajoczky of Barrett & Bajoczky, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Royall P. Terry, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
Appellant Tarrence L. Smith has appealed the departure sentence imposed upon his conviction for armed robbery, contending the trial court relied upon an improper reason to exceed the recommended guideline sentence. For the reasons set forth below, we approve the sentence imposed.
In his first appearance before this court, reported in Smith v. State, 507 So.2d 788 (Fla. 1st DCA 1987) (Smith I), appellant challenged both his conviction and the departure sentence imposed thereon. Appellant's conviction was affirmed, but the case was remanded for resentencing due to improper calculation of the guideline score and because only one of three reasons provided for departure was determined to be valid. On remand, the trial court again departed from the recommended guideline sentence, albeit to a lesser extent. The case is now before us on appeal from the second departure sentence.
A detailed recitation of the facts is set forth in Smith I. Briefly stated, on October 4, 1985, Moreland, the owner of a gun shop and the victim of the armed robbery *1061 which is the subject of this appeal, was talking to a customer when two youths entered his shop. As the customer left, one of the youths approached Moreland and engaged him in a discussion about weapons. The other youth approached Moreland from behind, and stabbed him in the back. As a result of the attack, Moreland's spine was severed, and he was rendered a quadriplegic. After the stabbing, the youth who had engaged Moreland in conversation left the shop. The other youth went behind the counter and took two guns.
Based on fingerprints and other leads, the police began questioning Stanley Cannon about the robbery. At first, Cannon denied any involvement. Subsequently, he admitted being present when the crime occurred, and identified appellant as the person who stabbed Moreland. Appellant was arrested and charged with attempted first degree murder and armed robbery.
Testimony at trial revealed that Cannon made many inconsistent statements during the investigation, and that although Cannon had not been offered a deal in exchange for his testimony, the police chief testified that he agreed to make the state's attorney aware of Cannon's cooperation. Since the victim and the store customer could not identify appellant, Cannon's testimony at trial as to appellant's involvement was uncorroborated. The jury found appellant guilty of armed robbery, but found him not guilty as to the charge of attempted first degree murder and all lesser included offenses.
The recommended guideline sentence was 5 1/2 to 7 years, based on a scoresheet which included 21 points for victim injury. The trial court departed from the guideline sentence, imposing a 25-year sentence to be followed by a 15-year period of probation. The departure in Smith I was based on (1) the severity of the victim's injury, (2) the extreme cruelty and excessive use of force in the commission of the robbery, and (3) the escalating pattern of criminal conduct.
This court reversed the sentence, finding that victim injury had been improperly scored because it is not an element of the offense of armed robbery. The court noted, however, that since victim injury is one of the circumstances surrounding the offense, "the trial judge may properly rely on the extent of victim injury as a ground for departure where it has not already been considered in calculating the recommended sentence." Smith I, 507 So.2d at 791. The court disapproved excessive use of force and extreme cruelty as a reason for departure, finding it based upon the stabbing injury to the victim, which gave rise to the charge of attempted murder. Since the jury acquitted appellant of attempted murder, the second reason predicated on the act of stabbing was held an improper basis for departure. The third reason was also disapproved, because the evidence of an escalating pattern of criminal conduct was insufficient to support departure. In conclusion, this court held that 
[b]ecause only one of the trial judge's three reasons for departure is valid, and because the points for victim injury were improperly scored, we must reverse and remand for resentencing.
Smith I, 507 So.2d at 791. On remand, the corrected scoresheet placed the recommended guideline sentence in the 4 1/2 to 5 1/2 year range. The trial court imposed a 17-year sentence, to be followed by a 15-year period of probation. The trial court's written reason for departure states:
The victim, Hugh Moreland, was severely injured and rendered quadriplegic in the course of this robbery in which the defendant participated. Victim injury is not an element of the offense of robbery and is not factored into the sentencing guidelines. The physical and psychological trauma suffered by the victim in this case requires an increased "measure of punishment." Vanover vs. State, 481 So.2d 31 (2nd DCA 1985). Additionally, the victim's trauma resulted from "extraordinary circumstances" which are clearly not inherent in the crime of robbery and the victim has a "discernible physical manifestation resulting from the trauma." State v. Rousseau, 509 So.2d 281 (Fla. 1987).
*1062 In challenging the propriety of the second departure sentence, appellant's initial brief focused on the applicability of the amended sentencing guidelines which provide that victim injury shall be scored, whether it is an element of the convicted offense or merely incidental to the criminal transaction. Appellant urged that under the original and now accurate scoresheet, the appropriate guideline range is 5 1/2 to 7 years, and this court's opinion in Smith I should be modified to comport with the recent amendments. See Florida Rules of Criminal Procedure re: Sentencing Guidelines, 509 So.2d 1088 (Fla. 1987). Appellant further asserted that no ex post facto question is involved.
In response, the state asserts that since the current guidelines would not have an ameliorative effect in this case, an ex post facto question clearly is involved. Citing Miller v. Florida, 482 U.S. ___, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987), the state maintains that under current law, appellant would be subject not only to scored points for victim injury, but also to less stringent standards for departure.
In his reply brief, appellant urges the alternative argument that victim injury is not a proper basis for departure, because it was a circumstance surrounding the attempted murder charge for which he was acquitted. Appellant further argues that the trial court's reliance on Rousseau is misplaced, contending that Rousseau holds that psychological trauma may constitute a clear and convincing reason for departure only if the victim has a discernible physical manifestation as a result of the trauma. According to appellant, the physical manifestation in this case is the victim's paralysis which resulted from the stab wound, and not from psychological trauma.
In Miller v. Florida, the Supreme Court held that the Florida guidelines in effect at the time of commission of an offense must be applied if a later amended version of the applicable guidelines has the potential to increase the quantum of punishment. See also Wilkerson v. State, 513 So.2d 664, 665 (Fla. 1987). The robbery which is the subject of this appeal took place on October 4, 1985. The 1987 revisions to the sentencing guidelines have the potential to increase the severity of a sentence by virtue of an increase in points for the enumerated offenses, the fact that points may now be scored for victim injury when victim injury is not an element of the convicted offense, and the reduction in the standard of proof needed to support a departure. Therefore, in light of Miller and Wilkerson, we find the state has correctly argued that the amended guidelines are not applicable in this case.[1]
It is well settled that psychological trauma which is the type of trauma experienced by any victim of the particular offense is not a sufficient reason to depart from the recommended guidelines range. State v. Rousseau, 509 So.2d 281, 283 (Fla. 1987). For example, in Lerma v. State, 497 So.2d 736 (Fla. 1986), the court held the emotional hardship suffered by a victim of sexual battery cannot justify departure because nearly all sexual battery cases inflict emotional hardship on the victim. Nevertheless, psychological trauma can provide an acceptable basis for departure if the psychological trauma is due to extraordinary circumstances which make the trauma unique to that case. Just such an exception to the general rule enunciated in Lerma was carved out in Casteel v. State, 498 So.2d 1249 (Fla. 1986), when the court found that the trauma suffered by the victim's son, who viewed the brutal attack upon his *1063 mother, came within the ambit of Rule 3.701(b)3, which directs that the penalty imposed should be commensurate with the severity of the convicted offense and the circumstances surrounding the offense. The court concluded that the psychological trauma present in Casteel was of a different caliber than the trauma in Lerma, and that emotional trauma may be relied upon for departure if supported by the facts in the case. Rousseau, 509 So.2d at 283-284.
In Rousseau, in an effort to clarify the status of emotional trauma as a departure reason, the court further explained that 
In addition to the extraordinary circumstances clearly not inherent in the crime charged, we perceive that there may be another situation where psychological trauma to the victim may be utilized to depart from a guidelines sentence. We hold psychological trauma to the victim may constitute a clear and convincing reason for departure when the victim has a discernible physical manifestation resulting from the psychological trauma.
.....
When the victim's trauma results from extraordinary circumstances clearly not inherent in the crime charged or when the victim has a discernible physical manifestation resulting from the trauma, it may constitute a clear and convincing reason for departure. (emphasis supplied).
509 So.2d at 283-284. Thus, Rousseau makes clear that psychological trauma is a valid reason for departure in two distinct situations: (1) when the trauma results from extraordinary circumstances not inherent in the crime charged, or (2) when the victim has a discernible physical manifestation as a result of the psychological trauma. See also State v. McCall, 524 So.2d 663 (Fla. 1988); Tillman v. State, 525 So.2d 862 (Fla. 1988); Hall v. State, 517 So.2d 692 (Fla. 1988); Vanover v. State, 498 So.2d 899 (Fla. 1986); Smith v. State, 525 So.2d 477 (Fla. 1st DCA 1988); Whitfield v. State, 515 So.2d 360 (Fla. 4th DCA 1987); Maulden v. State, 514 So.2d 370 (Fla. 4th DCA 1987). In Whitfield, the court noted, citing Rousseau, that although emotional or psychological trauma is an inherent component of armed robbery and aggravated assault, a departure reason based on psychological and emotional trauma to the victims was valid in that case due to the presence of extraordinary circumstances.
Appellant attacks the departure sentence in this case on several grounds. First, appellant contends emotional trauma cannot be relied on for departure because it resulted from the stabbing, and he was acquitted of attempted first degree murder. At first blush, the argument appears sound. However, the trial court related the victim's trauma to the experience of becoming a quadriplegic, rather than to the experience of being stabbed. We find the psychological overlay attendant upon instant quadriplegia is separate and distinct from the emotional trauma which attaches to the realization that one has been the subject of an attempted murder.
In making this determination, we recognize that a departure sentence cannot be based on an offense for which a conviction was not obtained. Fla.R.Crim.P. 3.701(d)(11). Indeed, in Smith I, this court stated that "[b]ecause the stabbing injury to the victim is an aspect of the charged offenses [attempted first degree murder and all lesser included offenses] for which a conviction was not obtained, the second reason predicated on the act of stabbing is an improper basis for departure." 507 So.2d at 791. This reference was made in the context of excessive use of force and extreme cruelty as a basis for departure. Since the excessive use of force and extreme cruelty pertained to the stabbing, and since appellant was not convicted on the murder charge which was predicated on the stabbing, this court, in Smith I, found excessive use of force and extreme cruelty an improper reason for departure.
In this instance, however, the trial court based departure on the victim's physical and psychological trauma attendant upon the severe injury inflicted in the course of the armed robbery. We conclude that the circumstances surrounding the armed robbery for which appellant was convicted constitute those extraordinary circumstances not inherent in the offense charged, as that concept was contemplated in McCall, Hall, *1064 and Vanover. In other words, while it is true the act of stabbing the victim in the back gave rise to the charge of attempted murder for which appellant was acquitted, it is also true that the stabbing was an aspect of the circumstances surrounding the armed robbery for which appellant was convicted. We conclude, therefore, that the factual circumstances present in this case render this an extraordinary and egregious case of armed robbery and that the victim's psychological trauma resulted from those extraordinary circumstances.
Although we have determined that the trial court's reason for departure is proper, we find the law of the case doctrine would also preclude a contrary result. In Smith I, this court held that the extent of victim injury constituted a valid reason for departure, where victim injury has not been factored into the recommended sentence. Therefore, in view of this court's prior consideration of this departure reason, the law of the case would bar a different conclusion. See Johnson v. Dugger, 523 So.2d 161 (Fla. 1988); Preston v. State, 444 So.2d 939, 942 (Fla. 1984); Greene v. Massey, 384 So.2d 24, 28 (Fla. 1980); Jefferson v. Thompson, 516 So.2d 33, 34 (Fla. 1st DCA 1987).
Accordingly, we affirm the departure sentence imposed in this case.
MILLS and SHIVERS, JJ., concur.
NOTES
[1] The pertinent Rules of Criminal Procedure in effect in 1985 when the offense was committed provide:

3.701(b)2. The primary purpose of sentencing is to punish the offender. Rehabilitation and other traditional considerations continue to be desired goals of the criminal justice system but must assume a subordinate role. 3.701(b)3. The penalty imposed should be commensurate with the severity of the convicted offense and the circumstances surrounding the offense.
3.701(d)7. Victim injury shall be scored if it is an element of any offenses at conviction. 3.701(d)11. .. . Reasons for deviating from the guidelines shall not include factors relating to the instant offenses for which convictions have not been obtained.