594 So.2d 262 (1992)
Willie GORDON, Petitioner,
v.
STATE of Florida, Respondent.
No. 77576.
Supreme Court of Florida.
January 9, 1992.
Richard L. Jorandby, Public Defender and Marcy K. Allen, Asst. Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for petitioner.
Robert A. Butterworth, Atty. Gen., Joan Fowler, Bureau Chief, Senior Asst. Atty. Gen. and Sarah B. Mayer, Asst. Atty. Gen., West Palm Beach, for respondent.
HARDING, Justice.
We have for review Gordon v. State, 573 So.2d 1072 (Fla. 4th DCA 1991), which certified the same question of great public importance we have answered in Barfield v. State, 594 So.2d 259 (Fla. 1992). We have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution.
Willie Gordon (Gordon) was convicted of three counts of grand theft, sentenced to prison, and subsequently transferred to a supervised-release program. Five months after discharge from the supervised-release program, Gordon committed the instant grand theft offense. The trial court imposed a departure sentence based upon the "Defendant's recent release from custody and/or supervision." On appeal, the Fourth District Court of Appeal affirmed the departure sentence and certified the same question that was certified in Barfield.
In Barfield, we answered the certified question in the negative, but found that the temporal proximity of crimes can be a valid basis for departure from the sentencing guidelines if indicative of an escalating pattern of criminal conduct. We approved the departure sentence in Barfield because the defendant's offenses involved an escalating pattern of criminal conduct as evidenced by *263 the increase in the possible sentence from the first offense to the second.
The instant case involves successive grand theft offenses, with no evidence of an escalating pattern of criminal conduct such as that present in Barfield. Thus, the temporal proximity of the instant offense and Gordon's recent release from supervision were not valid reasons for departure from the sentencing guidelines.
Accordingly, the opinion below is quashed and this case is remanded for reconsideration in light of Barfield.
It is so ordered.
SHAW, C.J. and OVERTON, McDONALD, BARKETT, GRIMES and KOGAN, JJ., concur.