We have for review Barfield v. State, 564 So.2d 616, 617 (Fla. 4th DCA 1990), in which the Fourth District Court of Appeal certified the following question to be of great public importance:
 DOES THE TEMPORAL PROXIMITY OF CRIMES ALONE PROVIDE A VALID REASON FOR DEPARTURE FROM THE SENTENCING GUIDELINES WITHOUT A FINDING OF A PERSISTENT PATTERN OF CRIMINAL CONDUCT?
We have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution, and we answer the question in the negative.
The trial court convicted Barfield of attempted trafficking in cocaine and conspiracy to traffic in cocaine. Barfield committed these offenses ninety days after his release from prison for trafficking in cocaine. The trial court departed from the permissible guidelines sentence and sentenced Barfield to twenty years. On appeal, the district court concluded that Barfield's commission of "`another Trafficking in Cocaine offense within a very short time of his release from prison'" was a valid basis for the upward-departure sentence. Barfield, 564 So.2d at 616 (quoting trial judge's reason for departure).
This Court has noted that the timing of an offense in relation to prior offenses and the release from incarceration or supervision is not an aspect of a defendant's prior criminal history which is factored into the determination of a presumptive guidelines sentence. Williams v. State, 504 So.2d 392 (Fla. 1987). We have approved departure sentences based upon the temporal proximity of crimes where it is "shown that the *Page 261 
crimes committed demonstrate a defendant's involvement in a continuing and persistent pattern of criminal activity." Statev. Jones, 530 So.2d 53, 56 (Fla. 1988); accord State v.Simpson, 554 So.2d 506 (Fla. 1989). In Smith v. State, 579 So.2d 75
(Fla. 1991), although this Court acknowledged that Jones andSimpson approved departure based upon temporal proximity, we disapproved a departure sentence based solely on a persistent pattern of criminal activity, closely related in time, although the pattern was not escalating towards more violent or serious crimes. Smith, 579 So.2d at 76.
We address this issue again in an effort to clarify when the temporal proximity of crimes can be a valid reason for departure from the sentencing guidelines. We are guided by the goal of the sentencing guidelines "to eliminate unwarranted variation in the sentencing process," Florida Rule of Criminal Procedure 3.701(b), and to permit departures from the presumptive sentences only for clear and convincing reasons. While an offense committed soon after release from incarceration or supervision may show a disregard for the law and justify a judge's displeasure and desire for a departure sentence, such a persistent but nonescalating pattern of criminal activity is not a sufficient reason to depart from the guidelines. Smith, 579 So.2d 75. Moreover, Florida's habitual offender statute provides a statutory means of dealing with persistent criminal conduct. Section 775.084(1)(a), Florida Statutes (1989), authorizes the court, upon compliance with the statutory procedures, to "impose an extended term of imprisonment" for persistent criminal conduct. Therefore, we find that temporal proximity alone does not constitute a clear and convincing reason to depart from the guidelines, and recede from Jones and Simpson to the extent that those opinions authorized departure solely on that basis. We recognize that section 921.001(8), Florida Statutes (1987), authorizes departure from the sentencing guidelines "when credible facts . . . demonstrate that the defendant's prior record . . . and the current criminal offense for which the defendant is being sentenced indicate an escalating pattern of criminal conduct." Section 921.001(8) also provides that this escalating pattern may be evidenced by a "progression from nonviolent to violent crimes or a progression of increasingly violent crimes." However, this Court has construed this provision as not necessarily requiring a violent progression. Departure is permissible when "the defendant has shown a pattern of engaging in increasingly serious criminal activity." Williams v. State,581 So.2d 144, 146 (Fla. 1991). Consequently, the "escalating pattern" recognized by section 921.001(8) as a valid basis for departure can be demonstrated in three ways: 1) a progression from nonviolent to violent crimes; 2) a progression of increasingly violent crimes; or 3) a pattern of increasingly serious criminal activity. Under this third category, "increasingly serious criminal activity" is indicated when the current charge involves an increase in either the degree of crime or the sentence which may be imposed, when compared with the defendant's previous offenses.
Turning to the instant case, we find that Barfield's offenses do not indicate the type of violent progression in offenses noted in section 921.001(8). Thus, the validity of Barfield's departure sentence hinges on whether the offenses indicate a pattern of increasingly serious criminal activity which would constitute an "escalating pattern of criminal conduct" under the statute. Barfield was previously convicted and sentenced for trafficking in cocaine, in an amount of 28 grams or more but less than 200 grams. Pursuant to section 893.135(1)(b)1, Florida Statutes (1985), this is a first-degree felony with a mandatory minimum three years' imprisonment and a fine of $50,000. In the instant case, Barfield was convicted of conspiracy to traffic in cocaine and attempted trafficking in cocaine, both in an amount of 400 grams or more. Pursuant to sections 893.135(5) and893.135(1)(b)3, Florida Statutes (1987), conspiracy to traffic in cocaine in an amount of 400 grams or more is a first-degree felony with a mandatory minimum fifteen years' imprisonment and a $250,000 fine. The *Page 262 
increased penalty which applies to Barfield's instant offenses indicates an "escalating pattern of criminal conduct" under the third category discussed above. Thus, departure from the sentencing guidelines was valid under section 921.001(8).
Accordingly, we conclude that there was a valid reason to depart from the sentencing guidelines in this case, and approve the decision of the district court. However, as explained above, we answer the certified question in the negative.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, GRIMES and KOGAN, JJ., concur.