PER CURIAM.
Appellant, William De Leon appeals his sentence for violation of probation. We reverse.
Appellant pled guilty in two separate cases involving a charge of grand theft of an automobile. In exchange for his plea, appellant was sentenced to consecutive terms of probation in each case.
While released on probation, appellant was convicted of four more charges of grand theft. On sentencing for the violation of probation, appellant received a departure sentence. The trial court provided two reasons to justify the departure sentence:
(1) [Subsequent to the commission of this offense the defendant committed four new offenses in Dade County within 24 hours of his release on probation. The offenses were based upon conduct similar to the defendant’s conduct in this case. (2) Each of the four subsequent convictions are not allowed to be scored on the guidelines scoresheet, and are therefore not involved in the calculation of the scoresheet in this case.
Convictions committed while a defendant was on probation, and which are the bases for a violation of probation, cannot also support a departure sentence in excess of a one-cell upward increase. Ree v. State, 565 So.2d 1329 (Fla.1990); Lambert v. State, 545 So.2d 838 (Fla.1989); see also Barfield v. State, 594 So.2d 259 (Fla.1992). The same reasoning applies to this case. Accordingly, we reverse and remand for sentencing within the guidelines.
Reversed and remanded.
NESBITT and GERSTEN, JJ., concur.