601 So.2d 540 (1992)
Henry TAYLOR, Petitioner,
v.
STATE of Florida, Respondent.
No. 78133.
Supreme Court of Florida.
June 25, 1992.
*541 James B. Gibson, Public Defender and Michael S. Becker, Asst. Public Defender, Seventh Judicial Circuit, Daytona Beach, for petitioner.
Robert A. Butterworth, Atty. Gen. and David S. Morgan, Asst. Atty. Gen., Daytona Beach, for respondent.
HARDING, Justice.
We have for review Taylor v. State, 579 So.2d 405 (Fla. 5th DCA 1991), in which the Fifth District Court of Appeal issued a per curiam affirmance based on the authority of State v. Williams, 576 So.2d 281 (Fla. 1991); Lipscomb v. State, 573 So.2d 429 (Fla. 5th DCA) (en banc), dismissed, 581 So.2d 1310 (Fla. 1991); and Flowers v. State, 567 So.2d 1055 (Fla. 5th DCA 1990), quashed, 586 So.2d 1058 (Fla. 1991). We grant jurisdiction pursuant to article V, section 3(b)(3) of the Florida Constitution, and Jollie v. State, 405 So.2d 418 (Fla. 1981), because this Court had accepted review of the Fifth District Court of Appeal's decision in Flowers.
Henry Taylor (Taylor) raises two issues for this Court's review. First, Taylor contends that the trial court improperly used a multiplier in calculating legal constraint points on his scoresheet. Second, Taylor argues that the trial court improperly gave him a departure sentence based on the ground of persistent criminal conduct. In response, the State acknowledges the trial judge's error in calculating the legal constraint points, but argues that Taylor failed to preserve the issue of the departure sentence. Further, the State argues that even if Taylor preserved the issue, the trial judge granted a proper departure based on Taylor's persistent pattern of criminal activities.
We recognize that the trial court erred in calculating the legal constraint points in the instant case. See Flowers v. State, 586 So.2d 1058 (Fla. 1991). However, the sentencing judge gave Taylor a departure sentence which did not consider the legal constraint points. Thus, the issue before us is whether the trial court's departure sentence is valid. At the onset, we reject the State's argument that the Court may not review the defendant's departure sentence without a contemporaneous objection to preserve a departure error apparent on the face of the record. This Court has held in a long line of guidelines precedent[1] that departure errors apparent on the face of the record do not require a contemporaneous objection in order to be preserved for review.
The general principle underlying this practice for sentencing errors was explained by Justice Overton:
The contemporaneous objection rule ... was fashioned primarily for use in trial proceedings. The rule is intended to give trial judges an opportunity to address objections made by counsel in trial proceedings and correct errors. The rule prohibits trial counsel from deliberately allowing known errors to go uncorrected as a defense tactic and as a hedge to provide a defendant with a second trial if the first trial decision is adverse to the defendant. The primary purpose of the contemporaneous objection rule is to ensure that objections are made when the recollections of witnesses are freshest *542 and not years later in a subsequent trial or a post-conviction relief proceeding. The purpose for the contemporaneous objection rule is not present in the sentencing process because any error can be corrected by a simple remand to the sentencing judge.
State v. Rhoden, 448 So.2d 1013, 1016 (Fla. 1984) (citations omitted). Sentencing errors requiring resolution of factual matters not contained in the record are, for obvious reasons, an exception to this practice and cannot generally be raised for the first time on appeal. See Dailey v. State, 488 So.2d 532 (Fla. 1986). The overall practice was summarized by Justice McDonald:
"Sentencing errors may be reviewed on appeal, even in the absence of a contemporaneous objection, if the errors are apparent from the four corners of the record."
Id. at 533 (quoting with approval from Dailey v. State, 471 So.2d 1349, 1351 (Fla. 1st DCA 1985)).
Because the alleged error in the present case, i.e., that Taylor's prior record did not warrant departure, is determinable from the record, no objection is required to preserve the matter for review.
The district court's per curiam affirmance relied on Lipscomb, which found that temporal proximity is an appropriate reason for departure in non-violation of probation cases "if the timing of the new offense in relation to the prior offense or other supervision shows an escalating or persistent pattern of criminal behavior." 573 So.2d at 431. Recently in Barfield v. State, 594 So.2d 259 (Fla. 1992), we clarified when temporal proximity could be used as a reason for a departure from the guidelines. This Court noted in Barfield that section 921.001(8), Florida Statutes (1987), allows a trial court to give a defendant a departure sentence for an escalating pattern of criminal activity which can be demonstrated in one of three ways: "1) a progression from nonviolent to violent crimes; 2) a progression of increasingly violent crimes; or 3) a pattern of increasingly serious criminal activity." Id. at 261. Further, we found that "`increasingly serious criminal activity' is indicated when the current charge involves an increase in either the degree of crime or the sentence which may be imposed, when compared with the defendant's previous offenses." Id. Prior offenses no matter how close or remote in time alone are not enough to show an escalating pattern of criminal activity. These prior offenses are already scored on the sentencing guidelines scoresheet, and the scored points may increase the defendant's sentence. As we held in Hendrix v. State, 475 So.2d 1218, 1220 (Fla. 1985), factors already taken into consideration on the scoresheet may not be used as a reason for departure. Thus, the timing of the prior offenses alone may not be used as a reason for departure. However, prior offenses committed within a close temporal proximity may be a basis for departure when found in conjunction with any one of the three factors outlined in Barfield.
Applying the law to the instant case, we find that Taylor's offenses do not indicate the violent progression found in section 921.001(8). Thus, the validity of the trial court's departure hinges on whether Taylor's offenses indicate a pattern of increasingly serious criminal activity which would constitute an "escalating pattern of criminal conduct" under the statute.
The record shows that Taylor's offenses are increasingly serious offenses.[2] Taylor's *543 first conviction in 1987 involved third-degree felonies, while his subsequent offenses in 1988 and 1989 contain two second-degree felony convictions within a short period of time. Thus, we find that Taylor's offenses show the type of escalating pattern of crimes in which a trial judge may properly impose a departure sentence.
Accordingly, we uphold the results of the decision below for the reasons herein stated.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] See, e.g., Forehand v. State, 537 So.2d 103, 104 (Fla. 1989) ("a contemporaneous objection is not necessary to preserve the appeal of ... an unauthorized departure from the sentencing guidelines" where error "is apparent on the face of the record"); Merchant v. State, 509 So.2d 1101, 1102 (Fla. 1987) (no objection necessary where "the alleged error does appear in the record and ... did in fact result in a departure from the presumptive guidelines sentence"); State v. Whitfield, 487 So.2d 1045, 1046 (Fla. 1986) ("Sentencing errors which ... produce an illegal sentence or an unauthorized departure from the sentencing guidelines [do not] require a contemporaneous objection if they are to be preserved for appeal").
[2] Taylor's numerous convictions show the following escalating pattern of criminal conduct. In November 1987, the trial court convicted Taylor of third-degree felony possession of cocaine. While out on bond for the 1987 offense, Taylor sold cocaine twice to a confidential informant. Taylor pled guilty to these sales of cocaine, two second-degree felonies. The trial court sentenced Taylor to a year and a day and four years' probation for these charges, which he served concurrently. Taylor was released on December 14, 1988, and began his probation. Seven and one-half months later Taylor was again arrested for possession of cocaine, a third-degree felony; possession of more than twenty grams of cannabis, a third-degree felony; possession of a short barreled shotgun, a second-degree felony; and maintenance of a drug house, a third-degree misdemeanor. While these charges were pending against Taylor, the police arrested him on an outstanding warrant on November 18, 1989. During the arrest, the police conducted a protective, sweep search which revealed possession of cocaine, a third-degree felony; possession of more than twenty grams of cannabis, a third-degree felony; and possession of a firearm by a convicted felon, a second-degree felony. Taylor pled guilty to the 1989 charges.