642 So.2d 615 (1994)
Marty B. DARRISAW, Appellant,
v.
STATE of Florida, Appellee.
No. 93-1708.
District Court of Appeal of Florida, Fourth District.
September 9, 1994.
*616 Nelson E. Bailey, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and William A. Spillias, Asst. Atty. Gen., West Palm Beach, for appellee.

ON MOTION FOR REHEARING
WARNER, Judge.
We withdraw our previous opinion and substitute the following in its place.
We affirm the conviction of appellant. However, we reverse the departure sentence as neither reason given by the trial judge is a valid ground for departure.
Appellant was convicted of robbery with a firearm, grand theft auto, and aggravated assault. The guidelines scoresheet revealed that appellant's recommended range was 3 1/2-4 1/2 years, and the permitted range was 2 1/2 to 5 1/2 years imprisonment. The trial court elected to depart from the guidelines and impose a 40 year sentence in the DOC on the following grounds: (1) that appellant was employed at the time of the offense as a correctional officer and that the commission of the offense was a breach of the public trust; and (2) appellant's escalating pattern of criminal activity.
The first reason is not a valid reason for departure because there was no evidence that appellant's position was in any way used to facilitate the crime. See Jefferson v. State, 549 So.2d 222 (Fla. 1st DCA 1989).
The second reason was based on appellant's prior record of two misdemeanor convictions of trespassing and resisting arrest without violence which occurred four years prior to the instant offense. The trial court concluded that departure was appropriate because the record reflected an escalating pattern of criminal conduct from nonviolent to violent crimes, from misdemeanors to felonies, and from non-personal to personal crimes.
In Barfield v. State, 594 So.2d 259 (Fla. 1992), the supreme court answered a certified question from this court as to whether the temporal proximity of crimes alone provides a valid reason for departure without a finding of a persistent pattern of criminal activity. The court held that the temporal proximity of crimes alone could not serve as a basis for departure absent an escalating pattern of criminal behavior. It stated:
Consequently, the "escalating pattern" recognized by section 921.001(8) as a valid basis for departure can be demonstrated in three ways: 1) a progression from nonviolent to violent crimes; 2) a progression of increasingly violent crimes; or 3) a pattern of increasingly serious criminal activity. Under this third category, "increasingly serious criminal activity" is indicated when the current charge involves an increase in either the degree of crime or the sentence which may be imposed, when compared with the defendant's previous offenses.
Id. at 261.
The defendant Barfield had been convicted in 1987 of trafficking in cocaine in an amount of 28 grams or more but less than 200 grams. *617 He served time in prison and committed the offense which resulted in the departure sentence ninety days after being released from prison. Noting that the second offense of trafficking in cocaine and conspiracy to traffic in an amount in excess of 400 grams was a crime of increased seriousness because of its increased penalty, the court said that this indicated an "escalating pattern of criminal conduct" under the third category. The court therefore affirmed the departure sentence.
Barfield is further explained in Taylor v. State, 601 So.2d 540 (Fla. 1992), wherein the court noted:
This Court noted in Barfield that section 921.001(8), Florida Statutes (1987), allows a trial court to give a defendant a departure sentence for an escalating pattern of criminal activity which can be demonstrated in one of three ways: [citing three categories listed above]... . Prior offenses no matter how close or remote in time alone are not enough to show an escalating pattern of criminal activity. These prior offenses are already scored on the sentencing guidelines scoresheet, and the scored points may increase the defendant's sentence. As we held in Hendrix v. State, 475 So.2d 1218, 1220 (Fla. 1985), factors already taken into consideration on the scoresheet may not be used as a reason for departure. Thus, the timing of the prior offenses alone may not be used as a reason for departure. However, prior offenses committed within a close temporal proximity may be a basis for departure when found in conjunction with any one of the three factors outlined in Barfield.

Id. at 542.
This restatement of Barfield indicates that the conclusion that there was an escalating pattern of criminal activity in Barfield was based in part on the temporal proximity of the crimes. We therefore question whether the Barfield court would have determined that there was a "pattern" so as to permit departure if the two crimes had been five years apart, as opposed to the second one being a few months after the defendant was released from prison on the first conviction. Or, would an escalating pattern be shown by any combination of two crimes no matter how remote in time from each other, so long as the first carried with it a lesser penalty than the second?
In Smith v. State, 507 So.2d 788 (Fla. 1st DCA 1987), the court held that a prior conviction as a juvenile of shooting into a motor vehicle together with the current charge of armed robbery did not constitute an escalating pattern of criminal conduct. Writing for the court, Judge Zehmer noted:
The necessary implication of our holding to the contrary would be to authorize departure in every case where a defendant has a prior conviction, a result clearly in conflict with the purposes of the sentencing guidelines.
Id. at 791. Our court followed Smith in Davis v. State, 534 So.2d 821 (Fla. 4th DCA 1988), quashed on other grounds, 549 So.2d 187 (Fla. 1989), where this court disapproved the escalating pattern of criminal activity as a reason for departure where defendant's prior conviction was a "not included" strong arm robbery and the present convictions were robbery with a deadly weapon and attempted first degree murder with a deadly weapon. Judge Downey wrote, "However, as one swallow does not a summer make, neither does one prior `not included' strong arm robbery establish a sufficient pattern of escalating criminal conduct to support a departure." Id. at 822. While both Smith and Davis were decided prior to Barfield, we are not convinced that the result would be any different.
What we glean from Barfield and Taylor is that the three categories set forth in Barfield establish what will be considered "escalating" criminal conduct, but that they do not address what constitutes a "pattern" of criminal conduct. In both Barfield and Taylor the temporal proximity and similarity of the escalating criminal conduct established a "pattern." Here, on the other hand, the previous misdemeanors are dissimilar and remote to the instant armed robbery. In line with Smith and Davis we hold that these two do not satisfy a pattern of criminal activity. We therefore reverse the sentence of appellant and direct that on remand, the trial court sentence appellant within the guidelines.
*618 We also certify the following question to the Supreme Court.
IS A PATTERN OF CRIMINAL CONDUCT PROVED BY THE COMMISSION OF TWO OFFENSES NOT IN TEMPORAL PROXIMITY TO EACH OTHER OR OF A RELATED NATURE BUT OF INCREASING SERIOUSNESS AS DEFINED IN BARFIELD V. STATE?

POLEN and PARIENTE, JJ., concur.