660 So.2d 269 (1995)
STATE of Florida, Petitioner,
v.
Marty B. DARRISAW, Respondent.
No. 84411.
Supreme Court of Florida.
September 14, 1995.
*270 Robert A. Butterworth, Attorney General; and Joan Fowler and William A. Spillias, Assistant Attorneys General, West Palm Beach, for petitioner.
Nelson E. Bailey, West Palm Beach, for respondent.
HARDING, Justice.
We have for review Darrisaw v. State, 642 So.2d 615, 618 (Fla. 4th DCA 1994), in which the Fourth District Court of Appeal certified the following question as one of great public importance:
IS A PATTERN OF CRIMINAL CONDUCT PROVED BY THE COMMISSION OF TWO OFFENSES NOT IN TEMPORAL PROXIMITY TO EACH OTHER OR OF A RELATED NATURE BUT OF INCREASING SERIOUSNESS AS DEFINED IN BARFIELD V. STATE?
We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution, and answer the certified question in the negative.
Marty B. Darrisaw was convicted of robbery with a firearm, grand theft of an automobile, and aggravated assault. His guidelines scoresheet revealed a recommended sentencing range of three and a half to four and a half years and a permitted range of two and a half to five and a half years. The trial court departed from the guidelines and imposed a sentence of forty years based on two grounds: 1) the offenses involved a breach of public trust because Darrisaw was correctional officer at the time of the offenses; and 2) Darrisaw had an escalating pattern of criminal activity because he had two misdemeanor convictions for trespassing and resisting arrest without violence four years earlier. The trial court concluded that Darrisaw's record reflected an escalating pattern of criminal conduct from nonviolent to violent crimes, from misdemeanors to felonies, and from non-personal to personal crimes.
On appeal, the Fourth District Court of Appeal affirmed Darrisaw's convictions, but reversed his sentence and directed that the trial court sentence him within the guidelines.[1] The district court determined that the first reason was not a valid basis for departure because there was no evidence that Darrisaw's position as a correctional officer was used in any way to facilitate the crime. Darrisaw, 642 So.2d at 616.
The district court also concluded that the second reason was not a valid basis for departure in this case. Id. at 617. In reaching this conclusion, the district court cited this Court's decisions in Barfield v. State, 594 So.2d 259 (Fla. 1992), and Taylor v. State, 601 So.2d 540 (Fla. 1992), which addressed the issue of departure based upon an escalating pattern of criminal activity. The district court concluded that in Barfield and Taylor it was both the temporal proximity and the similarity of the escalating criminal conduct that established a pattern of criminal conduct. Darrisaw, 642 So.2d at 617. Because Darrisaw's previous misdemeanors were both dissimilar to and remote from the instant armed robbery, the district court held that the offenses did not satisfy a pattern of criminal activity and could not be the basis for a departure sentence. Id. However, the district court certified the question to this Court.
Section 921.001(8), Florida Statutes (1993), provides for imposition of a sentence outside the sentencing guidelines where the facts indicate "an escalating pattern of criminal conduct." The statute explains that such an escalating pattern "may be evidenced by a *271 progression from nonviolent to violent crimes, a progression of increasingly violent crimes, or a pattern of increasingly serious criminal activity." § 921.001(8), Fla. Stat. (1993).
In Barfield, this Court held that the temporal proximity of crimes alone does not constitute a valid basis for departure absent an escalating pattern of criminal behavior. 594 So.2d at 261. We went on to explain that the escalating pattern recognized by section 921.001(8) as a valid basis for departure can be demonstrated in three ways: 1) a progression from nonviolent to violent crimes; 2) a progression of increasingly violent crimes; and 3) a pattern of increasingly serious criminal activity, as evidenced by an increase in either the degree of the crime charged or the sentence that may be imposed. Id.
Barfield had been convicted in 1987 of trafficking in cocaine in an amount of 28 grams or more but less than 200 grams. Ninety days after his release from prison on that offense, Barfield committed the second offense of conspiracy to traffic in cocaine and attempted trafficking in cocaine in an amount in excess of 400 grams. Based upon the increased penalty for this second offense, we concluded that there was a valid reason to depart from the sentencing guidelines under the third category of a pattern of increasingly serious criminal activity. Id. at 261-62.
In Taylor, we reaffirmed that the timing of the prior offenses alone may not be used as a reason for departure. 601 So.2d at 542. However, we also stated that "prior offenses committed within a close temporal proximity may be a basis for departure when found in conjunction with any one of the three factors outlined in Barfield." Id. We concluded that Taylor's record of drug offenses indicated a pattern of increasingly serious criminal activity. Id. at 542-43 & n. 2.
In the instant case, the district court concluded that in both Barfield and Taylor it was the temporal proximity and the similarity of the escalating criminal conduct that established the "pattern" required by section 921.001(8). While Barfield and Taylor involved similar offenses that increased in severity and were temporally proximate to each other, this Court did not state that there must be both "similarity of offenses" and "temporal proximity" in order to find an escalating pattern of criminal conduct under section 921.001(8). Nor do we find that the plain language of the statute compels the conclusion the district court reached here. Section 921.001(8) speaks in terms of both an increase in the offenses ("escalating") and some recurring feature of the offenses ("pattern"). If the offenses meet the definition of "escalating," then the "pattern" requirement can be satisfied either where the offenses are committed in temporal proximity or where there is a similarity of offenses. Such an interpretation of the statute is consistent with the purpose and intent of the sentencing guidelines, namely "to eliminate unwarranted variation in the sentencing process by reducing the subjectivity in interpreting specific offense-related and offender-related criteria and in defining their relative importance in the sentencing decision." Fla.R.Crim.P. 3.701(b).
In the instant case, Darrisaw's offenses met the definition of "escalating" because they increased from nonviolent to violent crimes and from misdemeanors to felonies. However, there was no pattern here because the crimes were neither temporally related nor similar in nature. Thus, we agree with the district court that Darrisaw's departure sentence was not valid.
Accordingly, we answer the certified question in the negative. We approve the decision of the district court but disapprove its reasoning in part as stated above.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] The district court originally affirmed Darrisaw's sentence because it found that a pattern of escalating criminal conduct was established by the facts. However, on rehearing, the court concluded that the facts did not support departure on this ground, reversed the sentence, and certified the question to this Court.