STEVENSON, Judge.
Appellant, Demetrius Miller, was tried by jury and convicted of attempted first degree murder. Under the sentencing guidelines, appellant scored a minimum 79.9 state prison months (6.65 years) and a maximum 133.2 state prison months (11.1 years). The trial court, however, imposed an upward departure sentence of thirty years in state prison. In departing from the guidelines, the trial court found that (1) appellant’s scored and unscored record depicted an escalating pattern of criminal behavior that warranted departure; and (2) his unscored juvenile record warranted departure. For the reasons explained below, we vacate the departure portion of appellant’s sentence and remand for the trial court to consider whether departure is warranted in view of the principles recently announced in State v. Darrisaw, 660 So.2d 269 (Fla.1995) (explaining the meaning of “escalating pattern of criminal conduct”).
The state correctly concedes that, in the instant case, the trial court could not have validly departed from the guidelines based upon appellant’s unscored juvenile record. In Puffinberger v. State, 581 So.2d 897, 899 (Fla.1991), the supreme court held that a juvenile record may only serve as a basis for *1119 departure when it is “extensive” or “serious”; and then, the resulting departure sentence must be no greater than that which the defendant would have received had the juvenile offenses actually been scored. In the instant case, the thirty year sentence the trial court imposed exceeded the sentence which could have been imposed had the juvenile offenses been scored.
Nevertheless, we must consider the trial court’s second reason for departure (escalating pattern of criminal activity) because a departure sentence must be upheld where multiple reasons exist to support a departure from the guidelines, and any one of them is found valid. See § 921.001(6), Fla.Stat. (1993). An escalating pattern of criminal activity is a valid ground for departure and may be shown in three ways: (1) a progression from nonviolent to violent crimes; (2) a progression of increasingly violent crimes; or (8) a pattern of increasingly serious criminal activity. Barfield v. State, 594 So.2d 259, 260-261 (Fla.1992); § 921.001(8), Fla.Stat. (1993).
In State v. Darrisaw, 660 So.2d 269 (Fla.1995), the supreme court was called upon to determine whether a pattern of escalating conduct could be proved by the commission of offenses which were not of a related nature nor committed in close temporal proximity, but were of increasing seriousness. The court ruled that if the defendant’s offenses met the definition of “escalating,” then the “pattern” requirement could be satisfied either when the offenses are committed in close temporal proximity or where there is a similarity of offenses. 660 So.2d at 271.
In the instant case appellant’s criminal history is as follows:
1991 (juvenile) aggravated assault (felony)
petit theft (misdemeanor)
resisting arrest without violence (misdemeanor)
violation of community control (unscored)
1992 (adult) eighteen burglaries (one episode)
1994 attempted 1st degree murder (instant case)
According to Darrisaw, these criminal incidents may establish a pattern if they are of increasing seriousness as defined in Barfield v. State and either (a) they were committed in temporal proximity as discussed in Taylor v. State, 601 So.2d 540 (Fla.1992), or (b) there is a “similarity of offenses” as discussed in Barfield and Taylor. Although some of appellant’s offenses are clearly of increasing seriousness, the trial court should determine, in light of Darrisaw, whether any of the escalating offenses were committed in “temporal proximity” or whether there is a “similarity of offenses” in the escalating offenses.
Accordingly, because the trial court did not have the benefit of the clarifying language of Darrisaw which so directly relates to the facts present in this case, we vacate the departure portion of the sentence so that the trial court may reconsider whether departure from the guidelines is warranted.
REMANDED.
GLICKSTEIN and PARIENTE, JJ., concur.