STEVENSON, Judge.
Appellant challenges the trial court’s denial of his post-sentencing motion to withdraw his plea of nolo contendere to two counts of felony petit theft, as well as his departure sentence of two consecutive five year terms of incarceration. We affirm the denial of appellant’s motion to withdraw his plea, finding that it was entered knowingly and voluntarily. However, we reverse the departure sentence and remand for resentencing in accordance with the sentencing guidelines, as neither ground relied upon for the departure is supported by the record.
The trial court relied upon two grounds for exceeding the recommended sentence of approximately one year: (1) appellant was released from prison within the six months preceding the instant offenses, see § 921.0016(3)(e), Fla.Stat. (1995); and (2) appellant’s record reflects an escalating pattern of criminal conduct, see § 921.0016(3)(p).
The instant offenses of petit theft are no more serious than any of appellant’s prior offenses; therefore, they do not reflect an “escalating” pattern of criminal conduct. See State v. Darrisaw, 660 So.2d 269 (Fla.1995); Barfield v. State, 594 So.2d 259 (Fla.1992); Angle v. State, 604 So.2d 34 (Fla. 1st DCA 1992).
Departure is also not justified based on appellant’s release from jail within the six months preceding the instant crimes. While appellant had recently been released from county jail, the statute allows for departure only when the defendant was released from state prison, or discharged from a release program, within the preceding six months. § 921.0016(3)(e), Fla.Stat. (1995); see Johnson v. State, 602 So.2d 1288 (Fla.1992) (courts must strictly construe criminal statutes, considering only those terms which are clearly described in their very words as well as those manifestly intended by the Legislature).
Because both grounds for departure are invalid, we remand for resentencing in accordance with the guidelines.
AFFIRMED IN PART; REVERSED IN PART.
GLICKSTEIN and PARIENTE, JJ., concur.