689 So.2d 1111 (1997)
Mark W. JOHNSON, Appellant/Cross Appellee,
v.
STATE of Florida, Appellee/Cross Appellant.
No. 95-04354.
District Court of Appeal of Florida, Second District.
February 12, 1997.
*1112 David T. Weisbrod, Tampa, for Appellant/Cross Appellee.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph Lee, Assistant Attorney General, Tampa, for Appellee/Cross Appellant.
DANAHY, Acting Chief Judge.
The appellant was charged by indictment with first degree premeditated murder. A jury found him guilty of manslaughter with a firearm. On this appeal the appellant asserts several issues attacking his conviction and the State raises by cross appeal three rulings of the trial court excluding evidence proffered by the State. We find no merit in the issues raised by the appellant concerning his conviction, thus rendering moot the issues on cross appeal. We affirm the appellant's conviction.
The appellant also challenges his upward departure sentence. His sentencing guidelines scoresheet reflected a maximum guidelines sentence of 123.75 months, or 10.3125 years. The trial court imposed an upward departure sentence of sixteen years. The trial court gave four written reasons for the upward departure, each of which falls within a subsection of section 921.0016, Florida Statutes (1993). The reasons as written by the trial court are:
Offense was one of violence and was committed in a manner especially heinous, atrocious or cruel as reflected by unscored defensive injuries and disarming blow to head.[1] Victim was especially vulnerable due to mental disability.[2] Victim suffered extraordinary physical or emotional trauma which was unscored.[3] Defendant is not amenable to rehabilitation or supervision, as evidenced by an escalating pattern of criminal conduct.[4] [Footnotes added.]
In the case of multiple reasons for departure, we must affirm if any one reason justifies the departure. § 921.001(6). The level of proof necessary to establish facts supporting a departure from a sentence under the guidelines is a preponderance of the evidence. Id. In this case we conclude that the evidence presented at trial did not reach the level of proof necessary to establish any one of the four reasons given for departure.
As background, we note that the appellant and the victim, Frank Vaccaro, lived together in the victim's town home and on the evening in question had been visiting various bars. Apparently some enmity had arisen between the two. The victim drove home about 10 p.m. without the appellant. The appellant was able to obtain a ride home and arrived there some time after 11 p.m.
Upon arrival the appellant discovered that the gate to the parking area was locked. He forced the gate open and entered the town home through the open garage door. Once inside, he encountered the victim and they *1113 began arguing. The appellant entered a vehicle in the garage and exited into the courtyard area.
At that time, the victim came outside and struck the appellant a glancing blow with a portion of an anti-theft motor vehicle device known as "the club." The appellant said he attempted to defend himself by striking the victim with another portion of the club. He exited the vehicle and ran upstairs to the bedroom of the town home.
The victim followed, with his portion of the club device still in his hand. As the victim approached the appellant in the corner of the bedroom, the appellant retrieved a loaded firearm which the victim kept in his nightstand. The appellant testified that as he was holding the firearm the victim grabbed the weapon and it discharged, causing the victim's mortal wound.
There was a great deal of blood on the appellant's hands and face, and blood was also observed in the vehicle garaged at the town home, on the garage floor, on the stairway and landings in the town home, and on part of the club found in the car. When law enforcement arrived, the officers observed the victim lying on the bedroom floor with a gunshot wound in his neck. This wound was the sole cause of his death.
The appellant points out that, first, he was not convicted of an intentional act, but rather culpably negligent manslaughter with a firearm; second, the victim died instantaneously from a gunshot wound; and, third, all the blood found at the scene came from the victim's scalp wound, which bled profusely but did not cause damage to either the victim's skull or brain. The appellant also points out that there was no testimony that such a blow would be disabling. Similarly, the appellant points out that the amount of blood from the scalp wound does not support the conclusion that the blow to the victim's head disarmed him. Further, the appellant argues that there were no significant "defensive injuries" indicating that the victim was beaten by the appellant, as distinguished from receiving injuries as a result of mutual combat.
It was undisputed that the victim was a manic depressive and that his emotional or psychological problems were severe enough that he received disability payments. Although an attorney, the victim was not able to practice his profession as a lawyer. There was no evidence at trial to show that the victim was especially vulnerable to this crime because of his manic depression.
Based on lack of the necessary proof, we disapprove the first three reasons given by the trial court for upward departure. We also disapprove the last reason because we do not believe there was in this case an escalating pattern of criminal conduct.
Section 921.001(8) provides that a sentence may be imposed outside the guidelines based on credible facts, proven by a preponderance of the evidence, which demonstrate that the defendant's prior record, including offenses for which adjudication was withheld and the current criminal offense for which the defendant is being sentenced, indicate an escalating pattern of criminal conduct. The statute further provides that the escalating pattern of criminal conduct may be evidenced by a progression from nonviolent to violent crimes, a progression of increasingly violent crimes, or a pattern of increasingly serious criminal activity.
The supreme court has interpreted this statute as referring to both an increase in the offenses ("escalating") and some recurring feature of the offenses ("pattern"). State v. Darrisaw, 660 So.2d 269 (Fla.1995). If the offenses meet the definition of "escalating," then the "pattern" requirement can be satisfied either where the offenses are committed in temporal proximity or where there is a similarity of offenses. Id.
In this case the appellant's criminal history consisted of three prior DUI offenses committed in October of 1992, January of 1993, and August of 1994. The offense which is the subject of this case occurred in December of 1994.
Comparing the prior offenses with the current offense, there obviously is an increase in severity. The "escalating" prong, accordingly, is satisfied. However, there is no similarity between the prior offenses and the current *1114 offense. Given that dissimilarity, we find a lack of temporal proximity sufficient to supply the element of "pattern." Therefore, although the appellant's prior record and the current offense demonstrate an escalation in his criminal behavior, there is in this case no escalating pattern of criminal conduct as required by the statute.
For the foregoing reasons, we affirm the appellant's conviction but reverse his sentence and remand for sentencing within the sentencing guidelines.
Affirmed in part and reversed in part.
SCHOONOVER and FRANK, JJ., concur.
NOTES
[1] Section 921.0016(3)(b) permits an upward departure when the offense was one of violence and was committed in a manner that was especially heinous, atrocious or cruel.
[2] Section 921.0016(3)(j) provides for upward departure when the victim was especially vulnerable due to age or physical or mental disability.
[3] Section 921.0016(3)(I) permits an upward departure when the victim suffered extraordinary physical or emotional trauma or permanent physical injury, or was treated with particular cruelty.
[4] Section 921.0016(3)(p) provides for an upward departure when the defendant is not amenable to rehabilitation or supervision, as evidenced by an escalating pattern of criminal conduct as described in section 921.001(a).