PATTERSON, Judge.
James Sehierer challenges his five-year prison sentence for battery on a law enforcement officer imposed upon revocation of probation. As the parties agree, the trial court erred in departing from the sentencing guidelines for the stated reason that Sehierer “is not amenable to rehabilitation or supervision, as evidenced by an escalating pattern of criminal conduct as described in s. 921.001(8).” The state did not prove an escalating pattern of criminal activity “by a progression from nonviolent to violent crimes, a progression of increasingly violent crimes, or a pattern of increasingly serious criminal activity.” § 921.001(8), Fla. Stat. (1993); see State v. Darrisaw, 660 So.2d 269 (Fla.1995). Therefore, we reverse Schierer’s sentence and remand for resentencing within the guidelines.
As the state notes, the trial court is limited to sentencing Sehierer to any nonstate prison sanction or from one year to 15.93 months in state prison. Section 921.0014(1), Florida Statutes (1993), provides that the trial court has discretion to increase or decrease state prison months by up to 25%. However, an exception to that rule applies here. The trial court may not increase the state prison months by 25% because it increased the total sentencing points by 15%, from 38. 2 points to 43.93 points, to achieve a state prison sentence. See § 921.0014(1), Fla Stat. (1993); Fla. R.Crim. P. 3.702(16) (“State prison months may not be increased where the sentencing court has exercised discretion to increase total sentence points under 40 points to achieve a state prison sentence.”). Thus, on remand, the court may sentence Sehierer to a maximum of 15.93 months in state prison.
Reversed and remanded.
CAMPBELL, A.C.J., and QUINCE, J., concur.