PER CURIAM.
The defendant, Herman Lee Conners, appeals his conviction for felony petit theft. We affirm his conviction without discussion, but reverse the upward departure sentence.
The trial court imposed the upward departure sentence based upon its finding of a persistent pattern of criminal activity. As this court stated in Smith v. State, 599 So.2d 265, 265 (Fla. 2d DCA 1992), “a persistent pattern is not enough; the pattern must also be escalating.” See also State v. Darrisaw, 660 So.2d 269, 270-271 (Fla.1995); Jackson v. State, 687 So.2d 36, 37 (Fla. 4th DCA 1997).
Because the trial court’s only reason for departure is invalid, we reverse and remand for resentencing within the guidelines. We remind the trial court that, if it reimposes a public defender lien, it must first advise the defendant of his right to a hearing to contest the amount of the lien. See § 27.56, Fla. Stat. (1995); Fla. R.Crim. P. 3.702(d)(1); Bourque v. State, 595 So.2d 222 (Fla. 2d DCA 1992). In addition, the trial court must cite statutory authority for any court costs and fines imposed. See Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995) (en banc).
Reversed and remanded.
PARKER, C.J., and PATTERSON and FULMER, JJ., concur.