PER CURIAM.
Roderick Clark challenges his fifteen year sentence for arson as an improper departure from the sentencing guidelines. We agree and remand for sentencing within the guidelines.
The trial court gave two reasons for imposing a departure sentence, release from jail within six months of the violation and an escalating pattern of criminal conduct. Neither reason is supported by the record. Appellant violated his probation within six months of his release from county jail, and the trial court listed this factor as justifying a departure sentence' pursuant to section 921.0016(3)(e), Florida Statutes (1995). Section 921.0016(3)(e), however, only references release from state prison or a release program as a reason to depart from the guidelines’ recommended sentencing range. Because penal statutes must be strictly construed, Tomblin v. State, 616 So.2d 1209 (Fla. 2d DCA 1993), and release from county jail is not listed in the statute as a reason for departure, release from county jail cannot be used as a basis for a departure sentence. Jackson v. State, 687 So.2d 36 (Fla. 4th DCA 1997).
Additionally, appellant’s actions do not demonstrate an escalating pattern of criminal conduct. Our supreme court has determined that section 921.001(8), Florida Statutes (1995), requires both an increase in the severity of the offenses (“escalating”) and some recurring element (“pattern”). State v. Darrisaw, 660 So.2d 269 (Fla.1995); Johnson v. State, 689 So.2d 1111 (Fla. 2d DCA 1997). The record reflects that appellant’s offenses, while escalating, do not constitute a pattern. Thus, the departure sentence was error.
We reverse the departure sentence and remand for resentencing within the guidelines.
CAMPBELL, A.C.J., and THREADGILL and QUINCE, JJ., concur.