COWART, Judge.
The defendant abducted a 21 year old girl and her eight year old sister, forced them into a house and at knife point forced the 21 year old sister to take off her clothes in the presence of the eight year old sister. The defendant then forced the older sister into an adjacent room, separated from the room containing the eight year old sister by a sheet hanging over the doorway, where the defendant, by force, had sexual intercourse with the older sister. At one point the defendant forced the older sister, while naked, to pass through the room where the eight year old sister was located. The defendant was convicted of aggravated kidnapping (§ 787.01(3)(a)3., Fla.Stat.), and appeals.
Section 787.01(3)(a)3., Florida Statutes, provides:
A person who commits the offense of kidnapping upon a child under the age of 13 and who, in the course of committing the offense, commits one or more of the following:
* * * * * *
3. A lewd, lascivious, or indecent assault or act upon or in the presence of the child, in violation of s. 800.04.
******
is guilty of a life felony....
Section 800.04(3), Florida Statutes, provides:
(3) Knowingly commits any lewd or lascivious act in the presence of any child under the age of 16 years without committing the crime of sexual battery is guilty of a felony of the second degree. ...
The defendant argues that because the two victims were both girls and sisters, the disrobing of the 21 year old in the presence of the eight year old sister did not constitute a lewd or lascivious act within the meaning of the statute. We disagree.
If a 21 year old sister and an eight year old sister were roommates and the older sister voluntarily disrobed in the privacy of the room but in the presence of the younger sister for the purpose of bathing, changing her clothes, etc., certainly the older sister would not be considered to have acted in a lewd or lascivious manner. Those were not the circumstances in this case. It was “lewd” and “lascivious” [1] for the defendant to force the older sister to disrobe before him, especially when done to facilitate his commission of a sexual battery on her, and that act was committed in the presence of the younger sister. Even the rape of the older sister in the adjoining room occurred within the sensory presence of the child and was alone sufficient to violate section 800.04(3), Florida Statutes, and to constitute the predicate crime for a violation of section 787.01(3)(a)3., Florida Statutes.
The defendant’s conviction of aggravated kidnapping is
AFFIRMED.
GOSHORN and HARRIS, JJ., concur.

. See Chesebrough v. State, 255 So.2d 675, 677 (Fla.1971), cert. denied, 406 U.S. 976, 92 S.Ct. 2427, 32 L.Ed.2d 676 (1972) and Egal v. State, 469 So.2d 196 (Fla. 2d DCA 1985), rev. denied, 476 So.2d 673 (Fla.1985).