PER CURIAM.
We agree with the appellant that, because the written reason expressed by the trial court is invalid, the trial court erred in departing upward from the recommended or permitted guidelines sentencing ranges.
The appellant, a juvenile, entered an open plea of guilty to the charge of delivery of cocaine on February 20, 1990. The trial court determined that adult sanctions should be imposed and sentenced the appellant to an upward departure sentence of fifteen years in prison. The guidelines recommended range was two and one-half to three and one-half years and the permitted range reached four and one-half years. The trial court stated its reason for departure as “a continuing and persistent pattern of criminal activity as evidenced by the timing of each offense in relation to prior offenses and release from supervision.”
The appellant had three prior juvenile adjudications for delivery of cocaine, a second-degree felony. As noted above, the instant offense is delivery of cocaine, a second degree felony. In Barfield v. State, 594 So.2d 259 (Fla.1992), the supreme court approved upward departures for past and present criminal activity if that activity reflects an escalating pattern, which may be demonstrated by progression from nonviolent to violent crimes, progression of increasingly violent crimes, or increasingly serious criminal activity. In the present case, no escalating pattern is reflected by the appellant’s prior offenses and his present offense, all of which were for delivery of cocaine and all of which were second degree felonies.
For the foregoing reasons, we reverse the appellant’s sentence and remand for resentencing within the sentencing guidelines. See Wilkins v. State, 596 So.2d 150 (Fla. 2d DCA 1992).
DANAHY, Acting C.J., and HALL and ALTENBERND, JJ., concur.