PER CURIAM.
Lorenzo Williams appeals his departure sentence for unlawful possession of a controlled substance. We reverse and remand for resentencing within the guidelines because the Florida Supreme Court has recently reaffirmed that temporal proximity can only be a valid reason for departure if there is (1) a progression from nonviolent to violent crimes, (2) a progression of increasingly violent crimes, or (3) a pattern of increasingly serious criminal activity. Taylor v. State, 601 So.2d 540 (Fla.1992). None of the circumstances required by Taylor to justify departure are contained in the record in this case.
It may be that upon remand the court will be able to reimpose Wilson’s 5 year sentence for unlawful possession of a controlled substance because of multiple violations of probation in Case No. 89-5390. Wilson was on probation for burglary in Case No. 89-5390 at the time he committed the primary drug offense, and both offenses were pending before the court for sentencing and were included on the same scoresheet. See Williams v. State, 594 So.2d 273 (Fla.1992); Peters v. State, 531 So.2d 121 (Fla.1988) (holding that the trial court may increase the presumptive range for violation of probation for both the original probationary offense as well as the *1022 subsequent offense that comprised the violation). The present record is unclear on the exact number of Wilson’s violations of probation in Case No. 89-5390, so we are unable to make this determination.
Also on remand, the trial court should correct Wilson’s sentencing guidelines scoresheet to reflect his probationary burglary offense as prior record instead of as an additional offense at conviction. See Fla.R.Crim.P. 3.701(d)(5) committee note (stating that on earlier offense for which sentence was previously suspended pursuant to the imposition of probation shall be scored as “prior record” and not as “additional offense”).
REVERSED and REMANDED for re-sentencing.
GOSHORN, C.J., and COWART, J., concur.
DAUKSCH, J., concurs specially with opinion.