DAUKSCH, Judge.
Appellant, Donnie Glenn, timely appeals a sentence imposed following a violation of his probation. He specifically challenges the trial court’s reasons for departing from the sentencing guidelines.
The record shows that appellant was charged by information with four counts of unlawful sale or delivery of a controlled substance. He entered a written plea of guilty to the offenses. The trial court sentenced him to a term of 7 years incarceration for count I to be followed by three concurrent 10-year terms of probation for counts II, III and V. [Count IV of the charging document pertained to a second defendant].
Appellant later violated his probation to which he entered a plea of nolo contendere. He was then charged with unlawfully possessing a controlled substance on June 5, 1992, less than three months after his release from prison. His sentencing guidelines seoresheet totalled 211 points yielding a recommended sentence of 9-12 years and a permitted sentence of 7-17 years. With the one cell bump-up for the violation of probation his recommended sentence was 12-17 years with a permitted range of 9-22 years.
The trial court adjudicated appellant guilty of violating his probation and sentenced him to serve a term of 15 years for count II, 5 years for count III and 5 years for count V [for the underlying sale and delivery offenses]. The sentences for counts III and V were consecutive to the sentence in count II. The court also imposed a 5-year term of incarceration for the current possession offense to be served consecutive to the sentence imposed for count II in the underlying case. The court departed from the sentencing guidelines based upon appellant’s proximity to release from prison and upon his continuing persistent criminal activity. Appellant contends that both of the court’s reasons for departure are improper. We agree.
In Bayfield v. State, 594 So.2d 259 (Fla.1992), the supreme court held first, that temporal proximity alone does not constitute a clear and convincing reason to depart from the guidelines and second, that a departure is permissible where the defendant’s prior rec *598 ord and the present criminal offense for which he is being sentenced indicate an escalating pattern of criminal conduct. The escalating pattern of criminal conduct may be shown in any of the following three ways: 1) a progression from nonviolent to violent crimes; 2) a progression of increasingly violent crimes; or 3) a pattern of increasingly serious criminal activity. This latter category is indicated when the present charge involves an increase in either the degree of crime or the sentence which may be imposed when compared with the defendant’s previous offenses. Id. at 261.
In the present case appellant’s unlawful sale or delivery of a controlled substance followed by possession of a controlled substance does not show a pattern of increasingly serious criminal activity as defined by the supreme court in Barfield. Moreover, temporal proximity, standing alone, is an insufficient reason to depart from the guidelines. Both of the trial court’s reasons for departure in the present case are therefore insufficient. Appellant’s sentence is reversed and the cause remanded for resentencing within the guidelines.
SENTENCE VACATED; REMANDED for resentencing.
COBB and THOMPSON, JJ., concur.