PER CURIAM.
We reverse defendant’s sentences for armed robbery because we conclude that the trial court improperly departed from the guidelines. We conclude that the reasons given, escalating pattern of criminality, and emotional psychological trauma inflicted on the victims, were not supported by the facts.
All of the offenses were committed within a three week period, and they were all of the same character — robbery with a firearm. The commission of a violent crime following a violent crime of the same nature is not an escalating pattern. Lattimore v. State, 571 So.2d 99 (Fla. 3rd DCA 1990). The court thus erred in basing the departure on “escalating pattern”. See also, Barfield v. State, 594 So.2d 259 (Fla.1992).
Nor do we agree that there was sufficient emotional trauma to the victims to justify a departure sentence. Although all of the victims here did have some after-effects of the robbery, none of them suffered beyond what is inherent in being a victim of a crime such as this, so as to justify a departure based on emotional trauma. State v. Simpson, 554 So.2d 506 (Fla.1989), receded from in part on other grounds, Barfield v. State, 594 So.2d 259 (Fla.1992).
We therefore reverse and remand for the defendant to be sentenced within the guidelines.
POLEN and KLEIN, JJ., and GROSS, ROBERT M., Associate Judge, concur.