W. SHARP, Judge.
Tucker appeals from his judgment and sentence for having burglarized a structure.[1] He pled no contest to this charge and was placed on community control. Tucker violated his community control and at the violation hearing, he admitted leaving his last approved residence without permission of his community control officer, failing to complete a court ordered drug program, and committing a retail theft. The trial court imposed a departure sentence of five years because of Tucker’s escalating pattern of criminal activity. We vacate the sentence and remand.
To establish an escalating pattern of criminal activity the state urged the trial court to consider a 1991 forgery and uttering a forgery charge, a grand theft in 1992, as well as an attempted murder and armed robbery in 1993. The trial court found that escalating criminal activity had occurred because Tucker started with crimes against property and ended with crimes against people “in a most heinous type of matter which occurred in this particular case.”
The problem in this case is that the jury acquitted Tucker of the attempted murder and armed robbery. Thus, Tucker’s criminal record shows no progression from property crimes to violent crimes against other people. Crimes for which a defendant has been acquitted cannot be considered in imposing a departure sentence. Fla. R.Crim.P. 3.701.d.ll.
Nor does it appear Tucker’s criminal record shows a pattern of increasing seriousness. Tucker’s prior crimes were third degree felonies and one misdemeanor. The current crime for which Tucker is being sentenced is a third degree felony. This is not sufficient to show “increasingly serious” criminal activity. See Lowe v. State, 641 So.2d 937 (Fla. 4th DCA 1994) (crimes that were of the same character — robbery with a firearm — did not show an escalating pattern sufficient to support departure); Smith v. State, 603 So.2d 95 (Fla. 2d DCA 1992) (no escalating pattern is reflected by the defendant’s prior offenses and his present offense, all of which were for delivery of cocaine and were all second degree felonies).
The state also argues that Tucker’s prior felonies were committed in “close temporal proximity” to each other and to the present offenses and that the prior misdemeanor occurred within three years of the oldest felony and thus occurred with close temporal proximity of that offense.[2] Prior *1221 offenses alone, no matter how close or remote in time, are not enough to show an escalating pattern of criminal activity. These prior offenses are already scored on the sentencing guidelines seoresheet and the scored points may increase the defendant’s sentence. Factors already taken into consideration on the seoresheet may not be used as a reason for departure. Thus, the timing of the prior offenses alone may not be used as a reason for departure. However, prior offenses committed within a close temporary proximity may be a basis for departure when found in conjunction with any of the three factors outlined in Barfield v. State, 594 So.2d 259 (Fla.1992), which show an escalating pattern of criminal conduct. Taylor v. State, 601 So.2d 540 (Fla.1992); Glenn v. State, 623 So.2d 596 (Fla. 5th DCA 1993); Smith v. State, 599 So.2d 265 (Fla. 2d DCA 1992); Wilson v. State, 605 So.2d 1021 (Fla. 5th DCA 1992). Even assuming that Tucker’s offenses were in close temporal proximity and showed a persistent pattern of criminality, the offenses are not sufficient to show an escalating pattern.
We conclude that the trial court erred in imposing a departure sentence. See Smith (a persistent pattern of criminality is insufficient for departure; the pattern must also be escalating). Accordingly, we vacate the sentence and remand for resentencing within the guidelines.
Sentence VACATED; REMANDED.
DAUKSCH and COBB, JJ, concur.

. § 810.02, Fla.Stat. (1993).

. In the alternative, the state argues that temporal proximity of prior offenses is not necessary to *1221 show an escalating pattern of criminal activity. See Darrisaw v. State, 642 So.2d 615 (Fla. 4th DCA 1994), rev. granted, 650 So.2d 991 (Fla. 1995) (question certified as to whether a pattern of criminal conduct can be proved by the commission of two offenses which are not in temporal proximity to each other). In the present case, there is no escalating pattern of criminal activity since the prior offenses involved third degree felonies and a misdemeanor and the offenses at conviction involve a third degree felony and a misdemeanor.