PER CURIAM.
This appeal arises from the appellant’s conviction and sentence for felony driving while license suspended, in violation of section 322.34(l)(c), Florida Statutes (1995). We reverse since, in departing from the guidelines, the trial court improperly relied upon conduct which was already factored into the presumptive guidelines sentence.
The appellant pled guilty to the charged crime of driving while license suspended and admitted three counts of violating her probation for felony driving under the influence. See § 316.193(b), Florida Statutes (1995). The trial court scored all offenses on the same sentencing guidelines scoresheet, departing from the guidelines based on three factors, two of which, as the state concedes, were error because the trial court failed to orally articulate these two grounds at the sentencing hearing. See Gillen v. State, 696 So.2d 952 (Fla. 4th DCA 1997).
The trial court stated that the third departure ground was that the appellant had engaged in similar driving misconduct in the past. “Since prior convictions are already factored in as part of the presumptive guidelines sentence, they may not be used as a clear and convincing reason for departure.” State v. Davis, 411 So.2d 565, 565 (Fla.1985). The trial court improperly relied upon the appellant’s past driving convictions for purposes of departing from the guidelines. Accordingly, we reverse and remand for a new sentencing hearing. Upon resentencing, the appellant is entitled to separate score sheets since she committed the offenses in different years, during which different sentencing guidelines were in effect. See Tubwell v. State, 661 So.2d 380, 381 (Fla. 1st DCA 1995).
Reversed and remanded for a new sentencing hearing.
STONE, C.J., and WARNER and PARIENTE, JJ., concur.