PER CURIAM.
We affirm appellant’s conviction of aggravated battery.
As to the refusal to grant appellant’s cause challenge to juror Cawdrey, appellant failed to preserve his objection that the juror should have been stricken due to her beliefs on a defendant’s right not to testify at trial. A challenge for cause must be stated with specificity. See Steinhorst v. State, 412 So.2d 332, 338 (Fla.1982); § 924.051(l)(b), Fla. Stat. (1997); Fla.R.Crim.P. 3.320. On the ground that was properly preserved, the trial court’s denial of the challenge for cause was not “manifest error;” the trial court has “latitude in ruling upon a challenge for cause because the court has a better vantage point from which to evaluate prospective jurors’ answers than does” an appellate court. See Mendoza v. State, 700 So.2d 670, 675 (Fla.1997).
Of those remarks of the prosecutor in closing argument challenged by appellant, one was an appropriate use of metaphor and another was within the bounds of fair reply in addressing potentially unsavory aspects of the victim’s character. The appeal to sympathy by referring to the victim’s inability to kiss his son in the future was harmless, nonprejudicial error. Finally, we find no abuse of discretion in the trial court’s imposition of a departure sentence. See § 921.0016(3)(1), Fla. Stat. (1997); cf., Lowe v. State, 641 So.2d 937 (Fla. 4th DCA 1994).
STONE, C.J., GROSS, J., and DAKAN, STEPHEN L., Associate Judge, concur.