PER CURIAM.
We affirm appellant’s conviction of aggravated battery. There was no evidence to support appellant’s claim that he was justified in the use of non-deadly force against the victim to defend against the victim’s unlawful use of force against co-defendant Smith, pursuant to section 776.012, Florida Statutes (1997). Smith’s statement that appellant might have seen the victim stabbing at Smith was pure speculation, supported not even inferentially be any other witness. Similarly, when taken in context, witness Harris’s statement that the co-defendants “had a hard time with [the victim]” while he was on the ground was insufficient to require the giving of the instruction; to conclude from that statement that appellant acted in defense of Smith requires the pyramiding of four inferences. While circumstantial evidence may support a self defense instruction, its connection to the theory may not be as *234 attenuated as it was in this ease. Cf., Wright v. State, 705 So.2d 102 (Fla. 4th DCA 1998). For the reasons stated in Smith v. State, 710 So.2d 753 (Fla. 4th DCA 1998), also decided today, we find no prejudicial error in the closing argument.
STONE, C.J., GROSS, J., and DAKAN, STEPHEN L., Associate Judge, concur.