DAVIS, Judge.
Thomas Scott Jones appeals his conviction and sentence for possession of cocaine. We reject Jones’ argument that the trial court erred in denying his motion for acquittal due to a lack of evidence of actual or constructive possession. No argument was presented to the trial court that there was a lack of evidence of actual possession. The defense specifically moved for acquittal based upon a lack of evidence of constructive possession, and there was sufficient evidence of actual possession to present an issue for determination by the jury. Nonetheless, we must reverse and remand because the trial court erred in over-ruling defense objections to a series of questions on cross-examination in which the state asked Jones if he had previously been convicted of specifically identified offenses. Because a new trial will be required, we also address Jones’ meritorious argument that the trial court erred in imposing a departure sentence.
On March 25, 1997, about 10:30 at night, Thomas Scott Jones walked over to a friend’s house to borrow a bicycle. He was standing in the yard talking with two others when Deputy Sheriff Ray Simmons stopped by during a patrol of the area. The deputy testified that his normal routine was to take some time at the beginning of his shift to stop and talk with the people he saw. As Deputy Simmons walked up to Jones’ group, he saw Jones drop a cigarette to the ground. After being joined by Deputy Volner, Deputy Simmons picked up a cigarette from the ground about a foot away from Jones. The cigarette had never been lighted. Both deputies testified they searched by flashlight and saw no other cigarettes on the ground in the vicinity. The cigarette recovered by Simmons was hand-rolled, and, as he picked it up, Deputy Simmons felt something hard inside. He broke it open and found a small rock-like substance, which then field tested positive as cocaine.
*1273 Jones testified on his own behalf. He said he obtained half a cigarette from another member of the group and was smoking it when Deputy Simmons arrived. Jones tossed the partially smoked cigarette to the ground. In anticipatory rehabilitation, Jones’ counsel asked him if he had previously been convicted of any felonies or crimes involving dishonesty; Jones replied affirmatively. The attorney then inquired how many such convictions Jones had; Jones replied, “approximately 17.” Defense counsel followed up by asking how many of those cases had been resolved by guilty plea, and Jones answered, “at least 16.” On cross-examination, the prosecutor then asked Jones if he had previously been convicted of a list of specific crimes. Timely objections were made, but the trial court over-ruled the objections.
“[B]y attempting to rehabilitate a witness by having him testify that past convictions were obtained by pleas of guilty, a party opens the door somewhat to allow the other party to question the witness about the reasons for pleading guilty.” Lawhorne v. State, 500 So.2d 519, 523 (Fla.1986). In the present case, however, the State did not inquire about Jones’ reasons for pleading guilty in the earlier cases. Another line of inquiry is opened when a defendant attempts to mislead the jury with regard to his former record. See, e.g., Dodson v. State, 356 So.2d 878 (Fla. 3d DCA), cert. denied mem., 360 So.2d 1248 (Fla.1978)(when defendant testified that he had been convicted of “other crimes” the door was opened for the state to show he was attempting to mislead the jury). Cf. Martin v. State, 411 So.2d 987, 989 (Fla. 4th DCA 1982)(“The avowed purpose for such questioning is to test the credibility of the witness ... .when a defendant admits to prior convictions and accurately states their number, the questioning should cease unless the defendant has opened the door to further inquiry.”). The record in the present case is clear that the State was not questioning Jones in .order to demonstrate that he had been untruthful about the number of prior convictions for felonies or crimes involving dishonesty. The questions asked by the state concerning the specific crimes for which Jones was convicted covered fewer convictions than Jones had admitted. Indeed, the State’s inquiry included several misdemeanors which would not have counted toward the total number of “felonies or crimes involving dishonesty” to which Jones had testified. “Cross examination regarding an irrelevant criminal incident constitutes reversible error.” Sneed v. State, 397 So.2d 931, 933 (Fla. 5th DCA 1981). “[T]he impeaching party may only inquire as to the existence of convictions and their number (or, if the matter be denied, may show the convictions by documentary evidence) ...” Lawhorne v. State, 500 So.2d at 522.[1]
Therefore, we reverse Jones’ conviction and remand for retrial. Because of the possibility of subsequent conviction after retrial, we address the third issue raised in Jones’ appeal. Jones argues that the trial court erred in imposing a sentence which was within the statutory maximum but was an upward departure from the sentencing guidelines. The trial court orally announced an intention to impose a departure sentence based upon “three or four prior convictions for possession of drugs and also the substantial prior criminal record.” The trial court subsequently entered an order stating in writing that the reasons for the departure were
that the Defendant is not amenable to rehabilitation or supervision as evidenced by an escalating pattern of criminal conduct .... the prospects for adequate protection of the public can only be accomplished by incarcerating the Defendant for an extended period of time and it is appar *1274 ent to this Court that the Defendant intends to pursue a life of crime against persons and property .... the Defendant’s prior criminal history and lifestyle justify upward departure ...
The current conviction for possession of cocaine was not higher in degree or kind than Jones’ previous record. Jones was convicted in this case of third-degree felony possession of cocaine. His record includes previous convictions for sale of controlled substances as well as possession. Further, Jones was previously convicted of three second-degree felonies, including the more violent crime of aggravated battery. Despite Jones’ apparent choice to live a life of crime, no “escalating pattern” as defined in Barfield v. State, 594 So.2d 259 (Fla.1992), has been shown. “[A] persistent but nonescalating pattern of criminal activity is not a sufficient reason to depart from the guidelines.” Id. at 261. An “escalating” pattern may be shown by progression from nonviolent to violent crimes, or increasingly violent crimes, or a pattern of increasingly serious criminal activity. Id. See also Tucker v. State, 657 So.2d 1219, 1220 (Fla. 5th DCA 1995)(“prior crimes were third degree felonies and one misdemeanor .... current crime for which Tucker is being sentenced is a third degree felony”).
Jones’ extensive criminal record amply justifies the concerns expressed by the trial court. Nonetheless, the grounds stated by the trial court for imposing a departure sentence do not satisfy the legislatively approved grounds for such a departure. See §§ 921.0016(3)(p) and 921.001(8), Fla. Stat. (1997). The purpose of the sentencing guidelines is to eliminate unwarranted variation in sentencing, and the statute defines the grounds which warrant such variation. See Capers v. State, 670 So.2d 967, 971 n. 7 (Fla. 1st DCA 1995), affirmed, 678 So.2d 330 (Fla.1996). Prior convictions which are already factored into the guidelines sentence are not a proper justification for a departure sentence. See Odom v. State, 688 So.2d 991 (Fla. 1st DCA 1997). See also White v. State, 702 So.2d 1327 (Fla. 4th DCA 1997). We express no opinion whether other statutorily approved grounds for a departure may be found if Jones is again convicted after retrial.
Accordingly, Jones’ conviction and sentence for possession of cocaine is REVERSED and REMANDED for a new trial.
BARFIELD, C.J., and WOLF, J., concur.

. The State makes a conclusoiy statement that this is harmless error, without citation of authority. Thus, it is not possible to discern whether the State urges this court to find the error harmless under the standard of State v. DiGuilio, 491 So.2d 1129 (Fla.1986), or the lesser standard contained in Goodwin v. State, 23 Fla. L. Weekly D1538, - So.2d - (Fla. 4th DCA April 8, 1998), reh’g denied, , adopted by this court in Jones v. State, 715 So.2d 378 (Fla. 1st DCA 1998). Given the conflicting evidence of actual possession between the testimony of Jones and Deputy Simmons and the lack of any other evidence against Jones, we cannot find this error to have been harmless in this case under either test.