W. SHARP, Judge.
Baker appeals from his sentence of 15 years in prison after having been convicted of one count of lewd and lascivious act upon a child.[1] In imposing the departure sentence[2] the trial judge gave three written reasons, which we find are not supported by the record in this case. Thus we vacate the sentence and remand for resentencing pursuant to the guidelines.[3]
Baker was charged with three criminal offenses: armed burglary of a dwelling,[4] oral sexual battery,[5] and a lewd and lascivious act on a child. The jury found him not guilty of the first two, and guilty of only the latter count. The jury’s acquittal of Baker of the two more serious offenses limited the trial judge’s ability to impose a departure sentence which fundamentally draws on elements of crimes for which Baker was acquitted. Zolache v. State, 687 So.2d 298 (Fla. 4th *340 DCA 1997); Allen v. State, 604 So.2d 23 (Fla. 5th DCA 1992).
The evidence, which was consistent with the jury's verdict, showed that Baker entered the 13-year-old victim’s home through a window, at night. Although the young victim denied she helped him gain entry to the house, he testified she had handed him a chair from the living room so that he could climb into the window. He further testified she took him to her bedroom for the purpose of engaging in sex.
The victim shared a bedroom with a cousin, a sister and two infants. While the victim and Baker were engaging in sexual activities, one of the children in the room partially awoke. The victim became nervous and she escorted Baker to the front door of the house and let him out.
When the victim told her mother about an “attack” on her, her mother told her she had just had a bad dream. When the mother found wetness on the victim’s bed, she took her daughter to a rape crisis center, but would not permit an internal examination. DNA tests on semen found on the bed clothes established that the semen could have come from Baker. Baker admitted having oral sex with the victim, but stressed it was consensual.
The reasons given by the trial judge for departing upwards from the presumptive sentence were: 1) the victim was physically attacked in the presence of one or more members of her family; 2) Baker is not amenable to rehabilitation or supervision due to an escalating pattern of criminal conduct as described in section 921.001(a); and 3) Baker induced a minor to participate in any of the offenses pending before the court for disposition.
The first reason given for departure tracks the ground provided for in section 921.006(3)(m). .The statute does not define what is meant by an “attack,” but the count for which Baker was convicted does not contain as an element an assault or attack on a victim. The amended information charged that Baker:
Did ... commit an act defined as sexual battery under section 794.01l(l)(h), Florida Statutes, upon A.M., a child under sixteen (16) years of age, to wit: thirteen (13) years of age, by oral, anal or vaginal penetration by or union with the sexual organ of another....
The criminal statute under which Baker was charged on that count was section 800.04(3). Under this crime, it is the age of the victim that is critical — not the offensive nature of the activity. See Lifka v. State, 530 So.2d 371 (Fla. 1st DCA 1988). Thus the basis for finding that the victim was “attacked” in this case is unclear.
Further, it is also unclear that the victim was “attacked” in the presence of her family members. Both the victim and Baker testified that while they were together in the victim’s bedroom, the other children were sleeping. One child partially stirred and made a noise, but there was no evidence any of them were aware of the sexual activities which were occurring in the room. It was to keep them from being aware of those activities that the victim broke off the encounter and had Baker leave.
Section 921.0016(3)(m) seeks to punish a defendant for inflicting additional trauma to family members who witness a crime. Davis v. State, 489 So.2d 754, 757 (Fla. 1st DCA 1986), quashed other grounds, 517 So.2d 670 (Fla.1987). If a family member sleeps through a crime perpetrated against another family member, it is difficult to explain how the non-victim member suffered any additional trauma. At a minimum, the non-victim family member must be able to see or sense that a crime is taking place. Brinson v. State, 574 So.2d 298 (Fla. 5th DCA 1991).
The second ground for departure in this case rests on section 921.0016(3)(j). In this case it rests on the theory that Baker induced the victim to have sex with him and to participate in their sexual activities. However, that is the whole, sum and substance of the elements of the crime for which Baker was convicted. He had sex with a minor under the age of 16, for which the giving of consent is no defense. The jury clearly found he used no force in accomplishing the sexual encounter by having acquitted him of *341 that count. To enhance a sentence because the underaged victim consented to have sex, merely duplicates the statutory elements of the crime for which Baker was convicted. Inducing the minor to consent should not provide an independent basis to depart upwards.
The third ground for the departure sentence is more difficult. It rests on section 921.001(8), and an escalating pattern of criminal conduct. Baker had previously been convicted of a lengthy series of misdemeanor criminal offenses, during the prior 7 years, starting in 1990, not including unscorable juvenile offenses. The trial judge recited a long list of criminal offenses committed by Baker as an adult: four suspended driver’s license convictions (1991 and 1992); resisting arrest without violence (1992); battery (1992); suspended driver’s license conviction (1993); disorderly conduct (1993); obstruction of justice, resisting arrest (Nov 1993); domestic violence (1994); misdemeanor possession of cannabis and resisting arrest without violence (1994); battery and assault (1994); reckless driving (1994); reckless driving (1995); uttering a worthless check (1995); six additional worthless check convictions (Oct.1995); two suspended driver’s license convictions (1996); and resisting arrest without violence (1996).
The trial judge concluded that this persistent commission of minor crimes when coupled with the current felony for which Baker was convicted in this case, constitutes an “escalating pattern” of criminal conduct and provides a basis for departing upwards from the guidelines sentence. § 921.001(8). We respectfully disagree. All of the crimes Baker had committed in the past were misdemeanors. He had never been sentenced to state prison. Further, the rate at which Baker had committed the prior misdemeanors appears relatively unchanged — averaging 5 or 6 per year. The current crime for which he was convicted in this case, although a felony, was also non-violent.
To constitute an escalating pattern of criminal offenses, the pattern should demonstrate a progression from nonviolent to violent crimes or a progression of increasing violent crimes, or a pattern of increasingly serious criminal activity. Glenn v. State, 623 So.2d 596 (Fla. 5th DCA 1993). As stated above, most of Baker’s offences, including the current felony, were not violent. Thus the first two possible escalating patterns are not applicable.
The state argues that an escalating pattern can be found because Baker has progressed from misdemeanor offenses to a felony. However, as the Florida Supreme Court explained in State v. Darrisaw, 660 So.2d 269 (Fla.1995), there is no escalating pattern if the crimes are neither temporally related nor similar in nature. Here there is no similarity between the prior offenses and the crime for which Baker is being sentenced and the rate at which Baker has been committing minor offenses has not increased. See Johnson v. State, 689 So.2d 1111 (Fla. 2d DCA 1997).
Accordingly, we reverse the departure sentence and remand for resentencing within the guidelines.
REVERSED and REMANDED.
DAUKSCH and HARRIS, JJ., concur.

. § 800.04(3), Fla. Stat. (1995).

. The presumptive sentence under the guidelines for this offense was 96.5 months or 8 years.

. Lloyd v. State, 633 So.2d 1205 (Fla. 5th DCA 1994).

. § 810.02(1) and (2)(b), Fla. Stat. (1995).

. § 794.011 (3), Fla. Stat. (1995).