WOLF, J.
 

 Appellant raises a number of issues. We affirm, but address one issue: whether appellant’s sentence of life in prison for crimes he committed when he was a juvenile violates federal and state prohibitions against cruel and unusual punishment.
 

 In October 2001, when he was 15 years old, appellant was charged with two counts of sexual battery on a person less than 12 years of age, a life felony, and one count of sexual battery on a person 12 years of age or older, a second degree felony.
 
 See
 
 §§ 794.011(2)(b), (5), Fla. Stat. (2001). He pled nolo contendere and was sentenced to 5 years in prison followed by 10 years’ probation. The trial court subsequently found he violated his probation by committing armed robbery and possession of a firearm by a convicted felon in April 2008, when he was 21 years old. The trial court revoked his probation and sentenced him to life in prison.
 

 The United States Supreme Court and the Florida Supreme Court have stated at the very least that an Eighth Amendment challenge based on the length of a sentence must rest on a determination of whether the sentence is grossly disproportionate to the crime.
 
 Graham v. State,
 
 982 So.2d 43, 47 (Fla. 1st DCA 2008),
 
 cert. granted, Graham v. Florida,
 
 — U.S. -, 129 S.Ct. 2157, 173 L.Ed.2d 1155 (2009).
 

 Here, appellant was sentenced to life in prison for sexually battering a child less than 12 years old, and “sexual battery upon a child is ‘one of the most heinous and despicable offenses imaginable.’ ”
 
 Adaway v. State,
 
 902 So.2d 746, 750 (Fla.2005) (finding life in prison for an adult found guilty of child sexual battery was not cruel and unusual punishment)
 
 (quoting Kendry v. State,
 
 517 So.2d 78, 79 (Fla. 1st DCA 1987)). Furthermore, appellant was not sentenced as a juvenile. He was given a second chance, but he rejected that chance by committing another violent act at the age of 21, demonstrating his inability to rehabilitate.
 

 Therefore, we find his sentence was not grossly disproportionate to the crime and affirm.
 
 See Graham,
 
 982 So.2d 43.
 

 AFFIRMED.
 

 HAWKES, C.J., and DAVIS, J., concur.