SCHWARTZ, Senior Judge.
 

 When he was sixteen years of age in 2005, Lavrrick pled guilty and was sentenced to five years probation for robbery with a deadly weapon and armed carjacking. This appeal is from convictions and concurrent, statutorily authorized sentences to life in prison, see § 775.082, Fla. Stat. (2005), imposed for those offenses upon the finding that he had violated the probation on May 30, 2007, by committing another armed robbery and associated crimes.
 

 Notwithstanding the earnest and able arguments of his counsel to the contrary, we find the evidence at the probation hearing amply supportive of the determination that he had committed the subsequent crimes. Because no other error occurred, the convictions are therefore affirmed.
 

 In
 
 Graham v. Florida,
 
 — U.S. -, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), however, the United States Supreme Court, in a Florida case, held that unqualified life sentences for non-homicides
 
 [1]
 
 categorically constituted cruel and unusual punishment when imposed upon persons who were minors when they committed the crimes. We therefore vacate the sentences below and remand for resentencing in accordance with the dictates of
 
 Graham.
 

 Affirmed in part, vacated, and remanded.
 

 [1]
 

 . "Because Florida has abolished its parole system, see Fla. Stat. § 921.002(l)(e) (2003), a life sentence gives a defendant no possibility of release unless he is granted executive clemency.”
 
 Graham,
 
 130 S.Ct. at 2020.