SWANSON, J.
The state seeks review of appellee’s re-sentencing for armed robbery after the trial court granted appellee’s motion to correct illegal sentence. The state claims the trial court erred in resentencing appel-lee upon concluding the life sentence without parole imposed after appellee violated his probation for a nonhomicide offense committed before he was eighteen years old constituted cruel and unusual punishment. We disagree and affirm.
In 1986, a jury found appellee guilty of armed robbery with a deadly weapon, a first-degree felony punishable by life imprisonment. The offense was committed two months before appellee’s eighteenth birthday.
The trial court originally imposed a guidelines departure sentence of twenty-five years in prison followed by fifteen years of probation. On appeal, this court reversed and remanded for resentencing. Smith v. State, 507 So.2d 788 (Fla. 1st DCA 1987). On remand, appellee received a reduced departure sentence of seventeen years in prison followed by fifteen years of probation. On subsequent appeal, this court affirmed appellee’s sentence. Smith v. State, 526 So.2d 1060 (Fla. 1st DCA 1988).
In 1994, after appellee’s release on probation, it was alleged appellee violated probation by absconding from supervision and committing new offenses of possession of a firearm by a convicted felon, grand theft auto, and escape. Appellee admitted to violating probation. Thereafter, the trial court revoked the probation and sentenced appellee to life in prison without parole. On appeal, this court affirmed without opinion. Smith v. State, 659 So.2d 1093 (Fla. 1st DCA 1995) (table).
In 2011, appellee filed a motion to correct illegal sentence. He claimed his life sentence without parole constituted cruel and unusual punishment under the Eighth Amendment to the United States Constitution because he was less than eighteen years old when he committed a nonhomi-cide offense, citing Graham v. Florida, - U.S. -, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010). The trial court granted appellee’s motion based on Guzman v. State, 68 So.3d 295 (Fla. 4th DCA 2011), rev. denied, 86 So.3d 1114 (Fla.2012). The trial court concluded Guzman was binding precedent. Appellee was then resentenced to twenty-two years in prison followed by fifteen years of probation. This appeal by the state followed.
In Graham v. Florida, the United States Supreme Court stated:
This Court now holds that for a juvenile offender who did not commit homicide the Eighth Amendment forbids the sentence of life without parole. This clear line is necessary to prevent the possibility that life without parole sentences will be imposed on juvenile nonhomicide offenders who are not sufficiently culpable to merit that punishment. Because “[t]he age of 18 is the point where society draws the line for many purposes between childhood and adulthood,” those who were below that age when the offense was committed may not be sentenced to life without parole for a nonho-micide crime. Roper, 543 U.S. at 574, 125 S.Ct. 1183 [161 L.Ed.2d 1].
*1216 130 S.Ct. at 2030. Subsequently, in Guzman v. State, the Fourth District Court of Appeal interpreted Graham as prohibiting the imposition of a life sentence without parole for a nonhomicide offense committed when the defendant was fourteen years old, after the defendant violated his probation for that offense by committing new crimes as an adult. 68 So.3d at 298.
The state asserts Graham does not apply because appellee did not receive a life sentence without parole until after he violated his probation by committing new crimes as an adult, demonstrating he was unfit to reenter society. The state concedes this argument was rejected by the Fourth District in Guzman. The State also concedes Guzman was binding on the trial court in the absence of contrary authority. See Pardo v. State, 596 So.2d 665, 666 (Fla.1992) (“[I]n the absence of inter-district conflict, district court decisions bind all Florida trial courts.”). However, the state claims Guzman was incorrectly decided and should not be followed by this court.
Appellee urges this court to follow Guzman because it is consistent with this court’s decision in Garland v. State, 70 So.3d 609 (Fla. 1st DCA 2010) (withdrawing prior opinion in Garland v. State, 28 So.3d 925 (Fla. 1st DCA 2010)), rev. denied, 60 So.3d 388 (Fla.), cert. denied, - U.S. -, 132 S.Ct. 574, 181 L.Ed.2d 441 (2011). Prior to the Supreme Court’s decision in Graham, Garland originally affirmed a life sentence without parole for a nonhomicide offense committed when the defendant was fifteen years old. Garland held the sentence was not cruel and unusual punishment because it was not imposed until the revocation of the defendant’s probation after he committed new felonies as an adult. 28 So.3d at 926. Later, this court withdrew its opinion, quashed the defendant’s sentence, and remanded for resentencing pursuant to Graham. 70 So.3d at 609. We reach a conclusion consistent with Garland.
Finally, appellee notes the Third District Court of Appeal’s decision in Lavrrick v. State, 45 So.3d 893 (Fla. 3d DCA 2010), which relied upon Graham to reverse a life sentence without parole imposed on an eighteen-year-old defendant for violating probation imposed for nonhomicide offenses committed while he was sixteen. We conclude Guzman, Garland, and Lavrrick correctly construed Graham as providing a bright-line rule prohibiting the imposition of a life sentence without any possibility of parole for a nonhomicide offense committed when the perpetrator was under the age of eighteen.
Essentially, the state argues appellee’s violation, as an adult, of probation imposed for a nonhomicide offense committed as a juvenile could forever preclude any possibility of release on the offense even if appellee could later demonstrate maturity and rehabilitation. This cannot be reconciled with the Supreme Court’s conclusion in Graham. A life sentence for a nonho-micide offense committed by a juvenile defendant cannot forever foreclose any meaningful opportunity for the defendant to obtain release before the end of that term by demonstrating maturity and rehabilitation. 130 S.Ct. at 2032-33. Accordingly, the trial court did not err in resen-tencing appellee upon concluding his life sentence without parole after violating probation for a nonhomicide offense committed before he was eighteen years old constituted cruel and unusual punishment under Graham.
AFFIRMED.
BENTON, C.J., and WOLF, J., concur.